## MILES CONSTRUCTION COMPANY v. ROBERT D. KRUMREY AND OTHERS.

133 N. W. (2d) 361.

February 11, 1965—No. 39,300.

*Thomas A. Keller III* and *O'Connor, Green, Thomas & Walters,* for appellant.

*Landol J. Locher, Babcock & Locher,* and *Miksza & Walsh,* for respondents.

FRANK T. GALLAGHER, C.

Appeal from an order of the district court. Defendants Louis A. Dehn and Laurentia Dehn, his wife, concede that plaintiff's statement of facts is substantially complete but submit some additional data referred to hereinafter.

Plaintiff's attorneys deposited two envelopes in the United States mail in Minneapolis on Friday, August 2, 1963. One envelope was addressed to the sheriff of Mille Lacs County at Milaca, Minnesota.

It contained the original summons and two copies of the summons and complaint in a mechanics lien foreclosure action, together with a letter of transmittal requesting service upon said defendants. The sheriff received the envelope at Milaca on Saturday, August 3, 1963, and served the papers on the Dehns that same day.

The other envelope was addressed to the clerk of the District Court of Anoka County at the courthouse. That envelope contained the original complaint and a letter of transmittal directing the clerk to file the same. The office of the clerk is closed on Saturdays pursuant to a resolution of the county board and was therefore closed on that Saturday, August 3, 1963, and the clerk did not collect his Saturday mail from the Anoka post office until the following Monday. Plaintiff's letter was opened by the clerk on that day and the original complaint was stamped "received" and filed on August 5, 1963.

Defendants claim there is nothing in the record determining whether the complaint was actually received at the Anoka post office on Saturday, August 3, or on Monday, August 5. They also claim that they are fee owners of the real estate involved and have sold it under an unrecorded contract for deed to defendants Robert D. Krumrey and Dorothy B. Krumrey, his wife, who have interposed an answer in this action.

Under the statute of limitations, the time in which to commence this foreclosure action expired on August 8, 1963. Thereafter, defendants Dehn moved the district court to declare service of the summons on them of no effect because it was served before the complaint was filed, and to quash the same. The motion was granted and this appeal was taken.

Plaintiff assigns that the trial court erred as a matter of law in holding under the facts recited that the service of the summons on the Dehns was of no effect.

The legal issue raised is whether the service of the summons is of no effect by virtue of Minn. St. 514.11 or whether such a result would amount to a "loss of rights" within the meaning of § 373.052, thereby rendering the filing of the complaint timely. The trial court held the service ineffective.

Section 514.11, relating to the commencement of an action in a mechanics lien foreclosure, provides in part:

"* * * The summons shall state that the complaint has been filed with the clerk and shall be of no effect unless such complaint be in fact so filed."

Section 373.052, providing for the closing of county offices on Saturdays, provides as follows:

"Subdivision 1. The county officials of any county may, with the consent of the county board, provide for the closing of their respective county offices on any and all Saturdays.

"Subd. 2. Any act authorized, required, or permitted by law or contract to be performed at or in county buildings, or offices therein, which are closed on Saturdays or legal holidays, may be performed on the next succeeding regular business day and no liability or loss of rights on the part of any person shall result from such closing."

Plaintiff argues that the single question involved here is a clear-cut issue of statutory construction. It contends that the order of the trial court is in error under the plain meaning of § 373.052, subd. 2, relying on the following canon of construction, § 645.08(1):

"Words and phrases are construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a special meaning, or are defined in this chapter, are construed according to such special meaning or their definition."

Plaintiff further claims that the rules of statutory construction dictate that § 373.052, subd. 2, should be considered as an exception to the quoted requirement of § 514.11, pointing out that § 645.26, subd. 4, provides that where the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment shall prevail. Section 514.11 appeared in R. L. 1905, § 3514. Section 373.052, subd. 2, was enacted by L. 1959, c. 349.

It is clear that the provision of § 514.11 relates to an act required

to be performed in a county office as provided for in § 373.052, subd. 2. Plaintiff concedes that if the service of the summons on defendants Dehn is to be effective, the act of filing the complaint was required to be performed in the office of the clerk of the District Court in Anoka County on Saturday, August 3, 1963. Plaintiff's position is that for this reason the complaint must be considered as having been filed in the clerk's office on that day in order to prevent a "loss of rights" on its part resulting from the courthouse closing, which would be contrary to the common and approved usage of the words of § 373.052, subd. 2. It therefore claims that in view of the fact that the statute of limitations on its action expired August 8, 1963, the foreclosure summons can never again be served on the defendants Dehn.

Defendants rely primarily on the absolute provision of § 514.11 and argue that there was no absolute "loss of rights" because a new summons could have been served after the complaint had been filed on August 5, 1963. They further point out that the mere mailing of a complaint is not an effective filing.[1]

In its order declaring the summons herein to be of no effect, the trial court issued its memorandum which stated:

"The Court holds that Section 373.052 has no application to the question now raised by defendant's motion for dismissal under the facts in this case.

"The timing of the service of the summons is not related to nor affected by said time-extending statute. Had the last day to commence this action been August 3, 1963, but the clerk of court did not receive the complaint for filing until August 5, 1963, then said statute would apply to make only the filing timely and legal, and service thereafter of the summons would have been also effective and legal.

"The Saturday closing of the Clerk's office resulting in the delayed receipt of the Complaint did not cause the premature serving of the Summons. The premature mailing of the Summons or lack of instruc-

---

[1]Harris v. Donovan, 269 Minn. 574, 129 N. W. (2d) 797; see, Olson & Serley Sash & Door Co. v. Juckem, 163 Minn. 375, 204 N. W. 51.

tions to the sheriff to delay serving of the Summons caused the fatal jurisdictional defect.

"At the time of mailing the Complaint to the clerk and the Summons to the sheriff, plaintiff had no need to avail itself of Section 373.052. It chose a procedure it could readily have avoided."

It is our opinion that the order of the trial court must be affirmed. We do not think that closing of the clerk's office on Saturday, August 3, was the cause of plaintiff's service of the summons on the Dehns that day, which in this case was too early, or that it effected an absolute "loss of rights." Plaintiff could have, at any time through August 8, 1963, served a new summons so that it would comply with § 514.11.

To hold otherwise would be to read § 373.052 as providing for filing nunc pro tunc as of Saturday all papers filed on a following Monday. We do not believe that the legislature intended such a drastic result. Rather, we view § 373.052 as extending the time to file papers when the last day of a time period falls on a Saturday, thereby averting an absolute loss of right.

Affirmed.