UNIVERSAL CONSTRUCTION COMPANY v. HARRY A. PETERSON.

160 N. W. (2d) 253.

July 5, 1968—No. 40,618.

*Rainer L. Weis* and *Ronald R. Frauenshuh,* for appellant.

*Olson, Nelson & Nagel, Wendell Nelson,* and *Thomas D. Nagel,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Defendant appeals from the denial of his post-trial motion for amended findings or, in the alternative, for a new trial in a mechanics lien foreclosure action. We affirm the trial court on all issues presented but discuss only the principal issue raised: Whether in the particular circumstance of this case plaintiff's mechanics lien was enforceable notwithstanding the fact that the complaint was not actually filed with the clerk of court before the summons was served as required by the mechanics lien statute.[1]

Plaintiff, having claims against defendant arising out of the construction of defendant's new home in Paynesville, Minnesota, instituted mechanics lien proceedings in the District Court of Stearns County at St.

---

[1] Minn. St. 514.11 provides in part: "* * * The summons shall state that the complaint has been filed with the clerk and shall be of no effect unless such complaint be in fact so filed."

Cloud, Minnesota. Plaintiff's counsel, having offices in Litchfield, Minnesota, mailed the complaint to the clerk of district court and the summons to a process server in Paynesville on the same day, November 17, 1964. The summons was received by the process server on November 18 and served the same day. But the complaint, for reasons unknown, was not filed until the next day, November 19.[2] There is no direct evidence that the complaint was actually in the possession of the clerk of district court for filing on November 18, 1964. The clerk of court was not called as a witness. All that appears is the affidavit of plaintiff's counsel reporting information from the local postmaster that mail from Litchfield to St. Cloud is transported directly to St. Cloud and that mail from Litchfield to Paynesville is likewise first transported to St. Cloud and then forwarded to Paynesville.

Defendant filed a general answer and asserted a counterclaim against plaintiff, without in any way challenging the adequacy of process or the jurisdiction of the court. Due to continuances incident to defendant's filing of affidavits of prejudice against the trial court, the matter was not reached for trial until June 21, 1966. Defendant did not raise the jurisdictional issue until he served a pretrial motion for dismissal or summary judgment on June 13, 1966, just a week prior to trial. The trial court held, in effect, that defendant had waived the jurisdictional defect.[3] We agree that in the circumstances of this case there was such a waiver.

Rule 12.02, Rules of Civil Procedure, as then in effect, provided that the defense of lack of jurisdiction over the subject matter or the person or insufficiency of process was to be made by responsive pleading or, at the pleader's option, by motion made prior to pleading. Rule 12.08 provided that all defenses and objections not so raised are waived. Rule

---

[2] The mechanics lien statement was filed on October 15, 1964. The notice of lis pendens was filed on November 18, 1964.

[3] The trial court denied defendant's motion, based in part on a finding that "the complaint herein was in the office of the Clerk of District Court of Stearns County on the 18th day of November, 1964, but that the filing date or memorandum placed by the Clerk of Court on the pleading bears date November 19, 1964; that the actual date of filing was November 18, 1964." We do not, however, adopt that finding or base decision on that ground. Cf. State v. Parker, 278 Minn. 53, 153 N. W. (2d) 264.

81.01 expressly provides that the rules are not applicable to the mechanics lien statute and certain other stated statutes if inconsistent with or in conflict with the procedures of such statutes. We hold, however, that the application of Rule 12 to the mechanics lien statute is neither inconsistent nor in conflict with the statute and is applicable to this case. Cf. Baskerville v. Baskerville, 246 Minn. 496, 505, 75 N. W. (2d) 762, 768.

We have no intention to dilute the procedural requirements of the mechanics lien statute, for we recognize that strict compliance is important. Whether or not defendant was, at the outset, under any obligation affirmatively to raise the issue of noncompliance by interposing an answer or making such motion, he did appear generally and submit to the jurisdiction of the court.[4] If defendant were held not to have waived the defect, plaintiff will, of course, have lost its rights to enforce a meritorious lien claim due to the lapse of time prior to defendant's motion and trial.[5] No other person has been prejudiced by the delay in filing the complaint. We do not think, in these circumstances, that it would comport with the legislative purpose to permit defendant at this late date to assert the absence of jurisdiction.

Affirmed.

---

[4] Cf. Carr-Cullen Co. v. Cooper, 144 Minn. 380, 175 N. W. 696; Melvey v. Bowman, 169 Minn. 504, 212 N. W. 194; Miles Const. Co. v. Krumrey, 270 Minn. 287, 133 N. W. (2d) 361.

[5] See, Minn. St. 514.12, subd. 3.