Roger D. BLOHM, et al., Respondents,

v.

MINNEAPOLIS UROLOGICAL SURGEONS, P.A., et al., Respondents,

Metropolitan Internists, P.A., et al., Petitioners.

No. C6–88–2515.

Court of Appeals of Minnesota.

July 3, 1989.

Review Granted Aug. 15, 1989.

Reed K. Mackenzie, Mackenzie & Hallberg, P.A., Minneapolis, for Blohm.

Donna J. Blazevic, Bassford, Heckt, et al., Minneapolis, for Minneapolis Urological Surgeons, P.A.

Robert E. Salmon, Meagher, Geer, Markham, et al., Minneapolis, for Metropolitan Internists, P.A.

Kathryn Helen Davis, Minneapolis, amicus Minnesota Defense Lawyers' Ass'n.

John F. Eisberg, St. Paul, amicus Minnesota, Trial Lawyers Ass'n.

Heard, considered and decided by NORTON, P.J., and SHORT and LESLIE,* JJ.

## OPINION

NORTON, Judge.

Petitioners seek a writ of prohibition to restrain the trial court's enforcement of its order denying leave to conduct an informal discussion pursuant to Minn.Stat. § 595.02, subd. 5 (1988). The petition for writ of prohibition is denied.

## FACTS

Roger and Delores Blohm commenced a malpractice action against petitioners Dr. Peter Kieley and Metropolitan Internists and against respondents Dr. William Price and the Minneapolis Urological Surgeons. Dr. Price performed prostate surgery on Roger Blohm and subsequently prescribed

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

an estrogen compound. Dr. Kieley saw Blohm after the surgery. Blohm complained of circulatory problems in his legs, but Dr. Kieley recommended no definite treatment. Blohm went to the emergency room at Metropolitan Medical Center and saw Dr. Peterson, complaining again of circulatory problems. Dr. Peterson contacted Dr. Kaufman and, pursuant to his orders, contacted Dr. Lindberg, who attempted unsuccessfully to treat the circulation problem. It is claimed the estrogen was negligently prescribed and caused or contributed to the problem necessitating the amputation of Blohm's lower extremities.

Petitioners attempted to conduct an informal discussion with Dr. Peterson pursuant to Minn.Stat. § 595.02, subd. 5 (1988), after the certificate of readiness had been filed. Respondent Blohm's counsel objected to this at the pretrial conference, claiming the discussion constituted discovery and was therefore subject to the time constraints set forth in the Rules of Civil Procedure and the special rules of practice for Hennepin County. The trial court agreed and denied leave to conduct the informal discussion by order dated November 23, 1988.

### ISSUE

Is the informal discussion process authorized by Minn.Stat. § 595.02, subd. 5 (1988) subject to the local rules of discovery?

### ANALYSIS

In order for a writ of prohibition to issue, three requirements must be met: (1) an inferior court or tribunal must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) the exercise of such power must result in injury for which there is no adequate remedy. *Minneapolis Star & Tribune Co. v. Schumacher*, 392 N.W.2d 197, 208 (Minn.1986) (citing *Richardson v. School Board of Independent School District No. 271*, 297 Minn. 91, 210 N.W.2d 911 (1973)). The writ is not one of right but of discretion and issues "only in extreme cases where the

law affords no other adequate remedy by motion, trial, appeal, certiorari, or otherwise." *Id.* (quoting *Wasmund v. Nunamaker*, 277 Minn. 52, 54, 151 N.W.2d 577, 579 (1967)).

The parties concede that the trial court's denial of the leave to conduct the informal discussion constitutes the exercise of judicial power. Petitioners argue that the court's order is unauthorized by law because the informal discussion is not a form of discovery subject to court rules or the court's discretion. We disagree.

Minn.Stat. § 595.02, subd. 5 (1988) provides that a person who commences an action for malpractice must provide authorizations waiving in that action any physician-patient privilege existing under Minn. Stat. § 595.02, subd. 1, as to any information or opinion in the possession of a physician who has examined or cared for the person. This section further provides:

> This waiver must permit all parties to the action, and their attorneys or authorized representatives, to informally discuss the information or opinion with the health care provider if the provider consents.

Minn.Stat. § 595.02, subd. 5. A defendant must give fifteen days notice before the discussion, and the plaintiff's attorney is allowed to be present at the discussion. *Id.*

If the health care provider does not consent to the discussion, then:

> the party seeking the information or opinion may take the deposition of the health care provider with respect to that information and opinion, without obtaining a prior court order.

*Id.*

The purpose of the discussion is to gather facts, narrow issues, and obtain evidence for use at trial. Although discussions with treating physicians are not listed as discovery under Minn.R.Civ.P. 26.01, the purpose of the discussion compels the conclusion that the discussions constitute one form of discovery and are subject to the Rules of Civil Procedure and the special rules of the district courts.

We believe the legislature did not intend the statute to be exempt from the proce-

dural rules governing discovery. *See* Minn.R.Civ.P. 81.03 (where statute provides that an act in a civil proceeding be done in the manner provided by law, such act must be done in accordance with these rules). Generally, rules of civil procedure apply unless they are inconsistent with the statutory practice and procedure. *Parker v. O'Phelan,* 414 N.W.2d 534, 536 (Minn.Ct. App.1987), *aff'd* 428 N.W.2d 361 (Minn. 1988) (citing *Universal Construction Co. v. Peterson,* 280 Minn. 529, 530–31, 160 N.W.2d 253, 255 (1968)). The courts will find inconsistency only if a provision of the statute directly conflicts with the rules. *Id.* (citing *Tischendorf v. Tischendorf,* 321 N.W.2d 405, 409 n. 2 (Minn.1982), *cert. denied* 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983)). A rule will still apply if it is consistent with the statute and its application does not frustrate the statute's purpose. *Id.* at 537 (citing *Guillaume & Associates, Inc. v. Don–John Co.,* 336 N.W.2d 262, 263 (Minn.1983)).

We must ascertain and effectuate the intent of the legislature, since this statutory provision was adopted without any reference as to whether the informal discussion process would be included as discovery or subject to the discovery provisions in the Rules of Civil Procedure. *See* Minn.Stat. § 645.16 (1988). In determining legislative intent, we must look at the occasion and necessity for the law, the objective to be obtained by the provision and any former law. *Id.*

This statutory provision was adopted in 1986 to clarify Rule 35.04, thereby allowing doctors and attorneys to meet and have an informal discussion and providing better access to information within possession of a plaintiff's treating doctor. *See* Minnesota Medical Association Commission, Task Force on Civil Justice System (October 11, 1985); Minnesota Medical Association, *Report of the Commission on Professional Liability,* pp. 21–22 (November 1985). The Minnesota Medical Association specifically recommended that "Rule 35.04 of the Minnesota Rules of Civil Procedure should be modified or interpreted to provide both sides with access to facts in the possession of any treating physician." *Report of Commission on Professional Liability* at p. 21.

Previously the Minnesota Supreme Court had decided *Wenninger v. Muesing,* 307 Minn. 405, 240 N.W.2d 333 (1976). The supreme court held:

> We are persuaded * * * that the procedure for disclosing privileged medical testimony set forth in Rule 35.04 is, and ought to be, the exclusive means by which an adverse party may discover testimony relating to a patient's physical, mental or blood condition, and we hold that Rules 35.03 and 35.04 in their formulation by the advisory committee and adoption by the court did not contemplate unilateral, private interviews by the inquiring party of the waiving party's treating physician.

*Id.* at 336.

It is clear that Minn.Stat. § 595.02, subd. 5 was passed by the legislature in response to attorneys' and physicians' desire to clarify Rule 35.04 in light of the *Wenninger* decision. There is no legislative history which contradicts the implication that this section is meant to clarify Rule 35.04, rather than to impose a new statutory scheme outside the Rules of Civil Procedure.

Based on the factors in section 645.16, we believe the legislature intended not only to allow easier access to treating physicians by defendants and plaintiffs, but also to clarify Rule 35.04 so that informal discussions may occur in addition to the furnishing of medical reports and the taking of depositions by court order as specifically provided for in the rule.

Consistent with our interpretation of the statute and the legislative intent is the language of the statute and the provisions of Rules 35.03 and 35.04. According to Minn.R.Civ.P. 35.03:

> If at any stage of an action a party voluntarily places in controversy the physical, mental or blood condition of that party * * * such party thereby waives any privilege that party may have in that action regarding the testimony of every person who has examined or may thereafter examine that party * * *

The waiver required in Rule 35.03 is the same medical waiver and authorization which is discussed and required in Minn. Stat. § 595.02, subd. 5. Furthermore, Minn.Stat. § 595.02, subd. 5 specifically modifies a portion of Rule 35.04, by allowing a deposition of a physician without a court order if the physician does not consent to an informal discussion. Rule 35.04 provides in pertinent part:

> Disclosures pursuant to this Rule shall include the conclusions of such treating or examining medical expert.
>
> Depositions of treating or examining medical experts shall not be taken except upon order of the court for good cause shown upon motion and notice to the parties and upon such terms as the court may provide.

It cannot be said that Minn.Stat. § 595.02, subd. 5 is separate and distinct from the rules of discovery, since the legislature has specifically allowed depositions without court order if the doctor refuses an informal discussion. Without legislative history affirmatively excluding informal discussions from the Rules of Civil Procedure, the sounder view of legislative intent is that legislative silence implies this is discovery under the Rules of Civil Procedure.

Because we hold that the informal discussion allowed under Minn.Stat. § 595.02, subd. 5 is subject to the discovery provisions of the Rules of Civil Procedure, it is clear that an informal discussion is also subject to any limitation provided in the Special Rules of Practice. Rule 2.01 of the Special Rules of Practice for the Fourth Judicial District states:

> After a Certificate of Readiness has been filed and any asserted period of non-readiness has expired, further discovery will be permitted only upon order of the judge to whom the case has been assigned.

While a defendant may have an informal discussion with a plaintiff's treating physician, or if the doctor declines, a deposition; this informal discussion must occur within the time limitations and confines set by the Rules of Civil Procedure, Special Rules of Practice, and discovery schedules set by a trial court. The legislative purpose of allowing easier access to a physician is not frustrated by this interpretation. The free flow of medical information provided for in the statute is merely confined to necessary time limitations applicable to all civil actions. We agree with the trial court that:

> If this were not the case, discovery schedules and cut-off dates designed to promote judicial efficiency in the name of fairness and justice would become virtually useless. Consequently, important aspects of pretrial conferences and motions would also lose their place as tools used in reaching an equitable settlement merely as a matter of course. This cannot be permitted to happen. This Court is satisfied that Minn.Stat. § 595.02 falls within the spirit of discovery to be interpreted coextensively with Minn.R.Civ.P. 35.

In light of the statutory language, the legislative history, and the language of Rule 35, we conclude that the informal discussion provided for by Minn.Stat. § 595.02, subd. 5 is a form of discovery subject to state and local rules of procedure. Because we have held that the discussion is a form of discovery and procedural in nature, it is clear that the statute does not provide a substantive right. The trial court properly exercised its judicial power by enforcing those rules in its November 23, 1988 order. In the absence of a showing that the court's exercise of its authority was unauthorized by law, we need not address the issue of any resulting injury or the adequacy of available remedies.

## DECISION

Petitioners have failed to establish the requisite elements for a writ of prohibition. Accordingly, petitioners' request is denied.

Petition for writ of prohibition denied.

SHORT, Judge (dissenting).

I respectfully dissent. I would grant the requested writ of prohibition because the

trial court improperly exercised its judicial power by allowing a local court rule to abridge or modify a substantive right authorized by statute. Minn.Stat. § 595.02, subd. 5 permits parties and their attorneys "to informally discuss the information or opinion [of a health care provider] with the health care provider if the provider consents." Recognizing that such informal discussions between plaintiff's attorneys and treating physicians have long been common practice, the legislature, in its comprehensive reform of the law affecting professional liability tort claims, sought to establish a comparable right for defense attorneys.[1] The statute clearly does not anticipate court intervention; even if the treating physician refuses to grant the informal discussion, the physician's deposition may be taken "without obtaining a prior court order."

The statute also does not impose any time limitation on the party seeking the interview. The defendant only need "mail written notice to the other party at least 15 days before the discussion." Had the legislature wished to impose the deadline urged by respondents, it could have done so explicitly. Absent such express language, and given the legislative intent to give defendants the same access to treating physicians as plaintiffs have, I would decline to read a time limit into the statute.

Minn.R.Civ.P. 35.04, which governs the taking of medical depositions, states that such depositions "shall not be taken except upon order of the court. * * *" By contrast, Minn.Stat. § 595.02, subd. 5 authorizes informal discussions and, if necessary, depositions without obtaining a court order. The supreme court has specifically stated that Rule 35 neither contemplates nor prohibits a private, nonadversarial interview by defense counsel of the plaintiff's treating physician. *Wenninger v. Muesing*, 307 Minn. 405, 412, 240 N.W.2d 333, 337 (1976).

Finally, Minnesota law provides that rules of practice or procedure "shall not abridge, enlarge, or modify the substantive rights of any litigant." Minn.Stat. § 480.051 (1988). Because the statute at issue, on its face, grants defense parties and their counsel the right to informally interview health care providers, neither the rules of civil practice nor any local court rule should be interpreted so as to abridge or modify that right. Imposing a time limitation for such discussions clearly modifies the statutory right to conduct informal interviews. This is especially true when, as here, the treating physician agrees to the interview.

It appears in the present case that appellants were not particularly diligent in contacting the doctor. I do not suggest that the time frames for discovery imposed by the trial court were in any way restrictive or unreasonable. However, the time limitation for formal discovery specified in local Rule 2.01 would not be affected by allowing the informal interview to take place. Such an interview is outside the scope of the formal discovery rules, although admission of evidence procured would be subject to the court's evidentiary rulings. Similarly, use of a physician's deposition taken after the close of discovery would be subject to the trial court's rulings on admissibility. Thus, at the evidentiary stage, the timeliness of obtaining the evidence may become relevant. The information gathering intent of the statute should not be frustrated, however, by forcing the information gathering into the time frame of the local discovery rules.

---

**1.** Representative Blatz, who introduced the bill, explained that the provision in question "allows defense attorneys the same right that plaintiffs' attorneys have now; and that is that they do not have to go to court in order to meet with the treating physician * * *." *Hearing on H.F. 1764 Before the House Judiciary Committee*, 74th Leg. Sess. (1986).