**Nelson S. PARKER, et al., Respondents,**

v.

**E. Harvey O'PHELAN, M.D., Petitioner,**

**St. Mary's Hospital, Respondent.**

**No. C8–87–710.**

Court of Appeals of Minnesota.

Nov. 3, 1987.

Review Granted Dec. 18, 1987.

Thomas A. Leary, Ramier and Gries, Minneapolis, for Nelson S. Parker, et al.

Phillip A. Cole, Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for E. Harvey O'Phelan, M.D.

Andrew Louis Marshall, Bassford, Heckt, Lockhart & Mullin, P.A., Minneapolis, for St. Mary's Hosp.

Considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Dr. Harvey O'Phelan seeks a writ of prohibition for relief from a trial court order extending beyond 60 days the time for respondents Nelson and Eileen Parker to serve an affidavit of expert review as required by Minn.Stat. § 145.682, subd. 2(1) (1986). We affirm.

## FACTS

In 1984, respondent Nelson S. Parker was treated by appellant Dr. Harvey O'Phelan. As a result of complications following the initial treatment, Parker consulted with an attorney regarding pursuit of a medical malpractice action. In November 1986, the Parkers initiated this action pro se against O'Phelan and St. Mary's Hospital alleging negligent medical care and treatment. Parkers' claim against St. Mary's Hospital was later dismissed for failure to comply with the appropriate statute of limitations. Although the complaint signed by the Parkers was pro se, they were confused as to the significance of this status because their first attorney not only drafted the complaint, but typed it on the law firm's own stationery.

On November 11, 1986, pursuant to Minn.Stat. § 145.682, O'Phelan served on Parkers a demand for an affidavit of expert review. The statute requires a plaintiff alleging malpractice to submit an affidavit demonstrating that the facts of the case have been reviewed by an expert whose opinion, admissible at trial, is that the defendant deviated from the applicable standard of care and caused the plaintiff's injuries. *Id.*, subd. 3. Failure to comply with the defendant's affidavit demand within 60 days "results, upon motion, in mandatory dismissal with prejudice" of the claim. *Id.*, subd. 6. The statute, however, provides that "[t]he parties or the court for good cause shown, may by agreement, provide for extensions of time limits" in subdivisions 2-4. *Id.*, subd. 4.

On December 11, 1986, after receipt of the affidavit demand, Parkers' original attorney directed them to consult a second law firm. They soon obtained their second attorney, and on December 23, approximately 40 days after receipt of the demand, the second law firm requested additional time to satisfy the demand. O'Phelan's counsel denied the request, and the 60–day limit passed on January 20 without receipt of the affidavit. Six days later, the second

law firm informed the Parkers that they would no longer represent them. The following day, the second firm then suggested Parkers prepare arguments to ask the court for additional time to satisfy the affidavit demand. The Parkers subsequently were forced to drive from their home in northern Minnesota to Minneapolis to retain their present counsel. Their present counsel then obtained and served O'Phelan with the necessary affidavit on March 2, 1987. Although the 60–day limit had passed under Minn.Stat. § 145.682, the affidavit was served prior to the March 5 hearing on the motion to dismiss.

Pursuant to Minn.Stat. § 145.682, subd. 6, O'Phelan then moved to dismiss the claim for failure to comply with the 60–day limit for submission of the affidavit. In addition, the Parkers moved under Minn.R. Civ.P. 6.02 for an extension of time to serve the affidavit. On March 16, 1987, the trial court granted their request for an extension. The court ruled that although the 60–day limit had run, it was not long enough to prejudice O'Phelan or long enough to indicate negligence on the Parkers' behalf.

This court certified O'Phelan's appeal for discretionary review and a writ of prohibition to the supreme court. The supreme court refused certification and the decision on a writ of prohibition for relief from the trial court's order is the subject of this appeal.

## ISSUE

Did the trial court err in extending the time for providing an affidavit of expert review after expiration of the 60–day limit under Minn.Stat. § 145.682?

## ANALYSIS

■ In order for a writ of prohibition to issue, three requirements must be met: (1) an inferior court must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) the exercise of such power results in injury for which there is no adequate remedy. *Minneapolis Star & Tribune Co. v. Schumacher*, 392 N.W.2d 197,

208 (Minn.1986). The writ is discretionary "and issues only in extreme cases where the law affords no other adequate remedy[.]" *Wasmund v. Nunamaker*, 277 Minn. 52, 54, 151 N.W.2d 577, 579 (1967).

The dispositive factor in determining to issue a writ of prohibition in this case is whether the trial court exceeded its power in extending the time for providing an affidavit of expert review. The statute states that a failure to comply with the 60–day time limit results in "mandatory dismissal with prejudice." Minn.Stat. § 145.682, subd. 6. O'Phelan thus contends the trial court lacked the power to enlarge the time limit because when the statutory language is precise and unambiguous, the trial court must give effect to the statute as written. *Christopherson v. Federal Land Bank of St. Paul*, 388 N.W.2d 373, 374 (Minn.1986).

Minnesota Rule of Civil Procedure 6.02 permits trial courts to extend time limits imposed "by statute or by these rules or by a notice given thereunder by order of the court," provided the motion for extension is made before the time expires. If the motion is made after time expires as in this case, the court may enlarge the time limit "where the failure to act was the result of excusable neglect[.]" *Id.*

■ Although most decisions extending the time limits under rule 6.02 focus upon the filing of pleadings, the rule expressly applies to time limits imposed by "statute," as well as time limits imposed by the rules of civil procedure. Generally, the rules of civil procedure are applicable unless they are inconsistent with the statutory practice and procedure. Minn.R.Civ.P. 81.01; *Universal Construction Co. v. Peterson*, 280 Minn. 529, 530–31, 160 N.W.2d 253, 255 (1968). The courts will find inconsistency only if a provision of the statute directly conflicts with the rules. *Tischendorf v. Tischendorf*, 321 N.W.2d 405, 409, n. 2 (Minn.1982), *cert. denied*, 460 U.S. 1037, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983).

In *Guillaume & Associates, Inc. v. Don-John Co.*, 336 N.W.2d 262 (Minn.1983), a time extension was allowed under rule 6.02 in a mechanic's lien proceeding. The me-

chanic's lien statute required the answer to be filed within 20 days, Minn.Stat. § 514.11 (1982), and Minn.R.Civ.P. 81.01 and accompanying Appendix A excluded mechanic's lien actions from the rules of civil procedure. The court held that rule 6.02 would still apply if the rule was consistent with the statute and its application did not frustrate the statute's purpose. *Guillaume,* 336 N.W.2d at 263. The court found the statutory policy of protecting lienholders was not in conflict with rule 6.02, since one purpose of the rules was to secure a just determination of every action. Based on this reasoning, the court held that it was error to deny the motion for an extension of time in which to answer. *Id.* at 264.

■ As in *Guillaume,* Minn.Stat. § 145.682 does not state whether excusable neglect may constitute a sufficient reason to allow an untimely affidavit to be served. We subsequently must determine whether the statutory purpose is so frustrated by rule 6.02 that the two must be deemed inconsistent. Although Minn.Stat. § 145.682 requires mandatory dismissal for untimely affidavits, subdivision 4 of the statute allows the plaintiff, upon a showing of good cause, to extend the time limits required for providing the affidavit of expert review. Because the statute is unclear, it does not provide a definitive answer on the question of whether an extension may be granted upon a showing of good cause if the request was sought after expiration of the 60–day time limit. However, subdivision 4 demonstrates clear legislative intent to permit a time enlargement under appropriate circumstances.

The primary purpose of Minn.Stat. § 145.682 is to eliminate nuisance malpractice suits by establishing a process where affidavits of expert review are required to verify the lawsuit's validity. O'Phelan claims the grant of a time extension would effectively eliminate the legislative condition imposed for maintaining a medical malpractice action. He claims that every time a motion to dismiss for failure to provide the affidavit within 60 days is initiated, the plaintiff will seek an extension under rule 6.02.

■ The policy behind the rules of civil procedure, however, is to try cases on the merits and seek a just determination of every action. *Guillaume,* 336 N.W.2d at 264. The statutory purpose of eliminating nuisance claims is not harmed since the plaintiff still is required to submit the affidavit of an expert willing to support and testify to the validity of the negligence claim. Further, a motion for an extension under rule 6.02 is no guarantee the extension will be granted because the plaintiff still must prove excusable neglect. Thus, we find the purpose of Minn.Stat. § 145.682 is not so frustrated by the application of rule 6.02 that the two may be deemed inconsistent.

We next must determine whether the trial court abused its discretion in finding the circumstances warranted a time extension for answering the affidavit demand. The trial court did not specifically find excusable neglect under rule 6.02. The court did, however, list the factors used in a determination of excusable neglect when it found that O'Phelan was not prejudiced by the timing of the Parkers' motion.

■ The extension of a time limit under rule 6.02 by a trial court is discretionary and will not be reversed unless the discretion has been abused. *Coller v. Guardian Angels Roman Catholic Church of Chaska,* 294 N.W.2d 712, 715 (Minn.1980). An analogous standard is used for finding excusable neglect in granting relief from a default judgment or denial of a motion for default judgment. Excusable neglect is found when there is a reasonable defense on the merits, a reasonable excuse for the failure to answer, the party acted with due diligence after notice of the entry of judgment, and no substantial prejudice results to other parties. *Id.*

■ We find the trial court did not abuse its discretion in finding the Parkers did not act negligently and O'Phelan was not prejudiced. The affidavit of expert review finally submitted by the Parkers fulfilled the purpose of Minn.Stat. § 145.682 by showing that an expert believed the case had merit. The record indicates reasonable ex-

cuse for the delay, with confusion resulting from the fact that the Parkers's original attorney drafted the complaint for these pro se litigants. When they received the affidavit demand, their original attorney directed them to a second law firm. Prior to the expiration of the statutory limit, the second firm's request for an extension was denied, and they subsequently withdrew representation. This firm then suggested that the Parkers prepare documents requesting additional time to satisfy the demand even though the 60–day limit had expired. Respondents finally retained their present counsel, who expeditiously obtained and served upon O'Phelan the necessary affidavit prior to the hearing on the motion to dismiss.

We additionally find that the delay did not prejudice O'Phelan's defense on the merits. Given the confusion as to representation and prompt action once the Parkers found an attorney, we find the trial court did not abuse its discretion. Even though the court did not specifically find excusable neglect, the trial court adhered to the standards for excusable neglect in granting the extension.

 Finally, O'Phelan stresses that the time limit in Minn.Stat. § 145.682 operates as a jurisdictional condition and as a statute of limitation on malpractice actions. He argues that the statute's time limit is beyond the scope of rule 6.02, which only governs procedural matters in the district courts. Although the statute has both jurisdictional and procedural characteristics, a California statute similar to Minn.Stat. § 145.682 is codified within the California Code of Civil Procedure. Cal.Civ.P.Code § 411.30 (West 1986). The California courts have interpreted the statute as procedural since it neither *"creates a new cause of action nor deprives defendant of any defense on the merits."* Strauch v. Superior Court of Sacramento Cty., 107 Cal.App.3d 45, 49, 165 Cal.Rptr. 552, 554 (1980) (emphasis added). We believe this to be a correct interpretation. Further, the statute lacks the characteristics of the typical statute of limitation which is designed by the legislature to limit periods within which actions may be initiated.

Parkers also allege constitutional issues in both their brief and supplemental letter to this court. In view of our decision, we need not reach these issues. We note, however, that these issues were not raised before the trial court and therefore we would be prevented from addressing these issues on appeal.

### DECISION

The trial court's decision to enlarge the time for serving an affidavit of expert review under Minn.Stat. § 145.682 is affirmed. The trial court did not abuse its discretion in granting the extension of time to serve the affidavit.

Affirmed.