Douglas CHIZMADIA, Appellant,

v.

SMILEY'S POINT CLINIC, et al., Respondents.

No. C5-88-478.

Court of Appeals of Minnesota.

Aug. 30, 1988.

Review Granted Oct. 26, 1988.

Joanne Mary Schuler, Plymouth, for appellant.

William M. Hart, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Charles E. Lundberg, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for respondents.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a summary judgment granted to respondents Smiley's Point Clinic, Dr. Mark L. Norman, M.D., Dr. Mark L. Norman, III, M.D., Dr. Doug Hamilton, M.D., Dr. David DeGear, M.D., Dr. Randy Woodworth, M.D. and Dr. Paul Sletten, M.D., in a medical malpractice suit for failure of appellant Douglas Chizmadia to submit an affidavit of expert review pursuant to Minn.Stat. § 145.682 (1986). We affirm.

## FACTS

In October 1984, appellant was treated by respondents for complaints involving his right eye. During that month, appellant was seen four times by five different physicians. Thereafter, he was referred to a specialist by respondents. At New York Eye and Ear Clinic, appellant was diagnosed as having a detached retina and had surgery. He had a second surgery at the University of Minnesota hospitals that was unsuccessful, and he is now blind in his right eye.

In February 1985, appellant contacted an attorney. In September 1986, appellant was informed by that attorney he had received unfavorable information from an expert on the likelihood of success, and he would not represent appellant. On December 18, 1986, appellant filed a summons and complaint in both state and federal courts and proceeded pro se. After the action was commenced, respondents filed answers and served appellant with both interrogatories and a demand for expert certification pursuant to Minn.Stat. § 145.682.

In his answers to interrogatories, appellant acknowledged he had no expert testimony to support his claims. Based on this acknowledgement, respondents moved for summary judgment. Appellant repeatedly requested and was granted extensions of time within which to furnish an affidavit of expert review.

On November 13, 1987, the trial court granted the motion for summary judgment, finding appellant had failed to comply with Minn.Stat. § 145.682. Judgment was entered on December 1, 1987.

## ISSUES

1. Did the trial court err in granting summary judgment?

2. Does the statute of limitations bar appellant's claim?

## ANALYSIS

1. On appeal from summary judgment, it is the function of an appellate court to determine whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 855 (Minn.1986). The trial court granted summary judgment because appellant failed to submit an affidavit of expert review as required by Minn.Stat. § 145.682.

Appellant claimed that the requirement of attaining an expert review was unfair because he could not find an attorney who would represent him, nor could he afford to pay an expert for an affidavit supporting his claim. Appellant contacted several attorneys and notified the trial court that he was attempting to secure counsel. The trial court considered letters to appellant from attorneys that took initial review of his case but then declined to represent him.

Appellant gave respondents' attorneys a letter from an attorney that stated he had spoken to an expert in medical malpractice, the expert had reviewed the case, and it was his opinion there was no gross negligence or any evidence of malpractice. Respondents' attorneys submitted the attorney's letter and the expert's letter into evidence. As a result, the trial court considered the medical opinion in its final decision to grant summary judgment.

Appellant contends he was unable to obtain an expert review and the trial court should have granted him more extensions to do so. The trial court stated:

> Plaintiff has asked the Court for repeated extensions of the time within which to furnish an affidavit of expert review pursuant to Minn.Stat. § 145.682,

and the Court has granted a number of such extensions. It is clear that the granting of such extensions lies within the court's discretion under Rule 6.02, Rules of Civil Procedure. However, the trial court's discretion is subject to limits and must not be abused. *Parker v. O'Phelan, et al.,,* 414 N.W.2d 534. *Pet. for Rev.* granted Dec. 18, 1987.

The Court is satisfied that any further extensions of time within which plaintiff must comply with Section 145.682 would be an abuse of the Court's discretion and would be prejudicial to the defendants. In *Parker v. O'Phelan,* 414 N.W.2d 534 (Minn.Ct.App.1987), *aff'd by an equally divided court* (Minn. June 23, 1988), we held that an extension of time to serve an affidavit under Minn.Stat. § 145.682 is proper where the record indicates a reasonable excuse for the delay. *Id.* at 537–38. The trial court granted appellant numerous extensions and complied with the spirit and intent of the rules and *Parker.* Any further extensions would have been an abuse of discretion and prejudicial to respondents.

Appellant failed to challenge the essential facts raised in respondents' affidavits by not procuring an affidavit of expert review, and summary judgment was properly granted.

■ 2. Respondents raised the statute of limitations as an affirmative defense and also moved for summary judgment on that basis. The trial court did not reach the statute of limitations issue because it held that appellant concededly had failed to comply with Minn.Stat. § 145.682. However, as a matter of law, the record reflects the claim is time barred.

The statute of limitations for medical malpractice actions in Minnesota is two years. Minn.Stat. § 541.07(1) (1986). The cause of action accrues and the statutory period begins to run when the physician's treatment *for the particular condition* ceases. *Grondahl v. Bulluck,* 318 N.W.2d 240 (Minn.1982); *Schmit v. Esser,* 183 Minn. 354, 236 N.W. 622 (1931). Respondents assert in their affidavits that their treatment of appellant ended in October 1984. Therefore, the statute of limitation

period on any potential claims against respondents expired on October 31, 1986. Appellant did not commence this action until December 18, 1986. *See Offerdahl v. University of Minnesota Hospitals and Clinics,* 426 N.W.2d 425 (Minn. July 22, 1988) (where patient sought treatment from a clinic as a whole rather than an individual physician, the treatment of the clinic as a whole is relevant for purposes of determining when treatment terminated and statute of limitations began to run).

Appellant asserts that his relationship with respondents was not terminated and should not be time-barred because he considers himself a patient of the clinic. It is long established law in Minnesota that the cause of action accrues when the physician's treatment for the particular condition ceases. *Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.,* 291 Minn. 145, 190 N.W.2d 77 (1971). Once the physicians at the clinic referred appellant to a specialist, there was nothing more to be done by them as to the particular injury that they were employed to treat, and their treatment of his eye condition ceased.

■ Appellant seeks to raise constitutional issues in this court which were not raised in the trial court. In any event, whether raised or not, those issues are moot in light of our decision on the statute of limitations, and we need not pursue the matter further. *See Parker,* 414 N.W.2d at 538.

### DECISION

■ Respondents have moved this court to strike portions of appellant's brief. Minn.R.Civ.App.P. 110.01 states:

> The papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.

The language of this rule is very clear. Numerous documents referred to in appellant's brief and made a part of the appendix were not filed in the district court. Respondent's motion is granted.

Appellant's request to certify this case to the supreme court is improper and is denied.

Summary judgment was properly granted here as appellant failed to carry his burden of proof by producing an expert review, even after he was given many extensions. The record firmly establishes that the claim is time-barred.

Affirmed.