**Sherry STERN, Respondent,**

v.

**Donald J. DILL, D.D.S., Appellant.**

**No. C3–88–1113.**

Supreme Court of Minnesota.

July 21, 1989.

Somsen, Dempsey & Schade, William M. Schade, New Ulm, for appellant.

Hvass, Weisman & King, Chartered, Linda J. Theis, Minneapolis, for respondent.

SIMONETT, Justice.

The trial court dismissed plaintiff's dental malpractice suit for failure to file timely an affidavit identifying expert witnesses as required by Minn.Stat. § 145.682, subds. 2(2) and 4 (1988). The court of appeals reversed, *Stern v. Dill*, 430 N.W.2d 864 (Minn.App.1988). We affirm.

Sherry Stern, plaintiff-respondent, commenced this malpractice action against defendant-appellant Dr. Donald Dill on August 20, 1987. Her summons and complaint were accompanied by an affidavit stating that expert review could not then be obtained because Dr. Dill had not yet released all of her dental records. Defense counsel agreed to an extension of time to file the affidavit of review. Defendant's dental records were made available to plaintiff on November 17, and on January 28, 1988, plaintiff's attorney filed her affidavit of expert review.[1]

Plaintiff was also required by the statute to serve a second affidavit identifying her experts within 180 days of serving the complaint.[2] The 180–day period expired on February 16, 1988. This date passed without plaintiff either serving her affidavit or moving for an extension of time in which to serve it.

Thereafter, on March 23, defendant moved for mandatory dismissal of plaintiff's action pursuant to section 145.682, subd. 6. This subdivision states that failure to comply with requirements for serving the affidavit of expert identification "results, upon motion, *in mandatory dismissal with prejudice* of each cause of action as to which expert testimony is necessary to establish a prima facie case." (Emphasis added.)

Defendant's motion came on to be heard on April 15. Plaintiff's counsel appeared at the hearing and argued that the motion was moot because, 4 days earlier, she had served her affidavit of expert identification. When the trial judge pointed out this affidavit was untimely, counsel made an oral motion to extend the time. The court did not consider the motion and ordered the lawsuit dismissed. In so doing, the court noted that if there had been a proper motion, it probably would have been granted for excusable neglect, citing *Parker v. O'Phelan*, 414 N.W.2d 534 (Minn.App. 1987), *aff'd by an equally divided court*, 428 N.W.2d 361 (Minn.1988).

The court of appeals reversed the dismissal, finding that the trial court erred in failing to consider plaintiff's oral motion for an extension of time. It remanded to the trial court for a determination of whether plaintiff's failure to serve the required affidavit on time was the result of excusable neglect. We granted Dr. Dill's petition for review.

We have two issues before us: (1) whether the trial court may grant an extension of time to file affidavits under section 145.682 after expiration of the statutory time limits, and (2) whether plaintiff's motion for an extension of time, made orally, is authorized under our motion practice.

I.

Minnesota Statutes § 145.682, subd. 4, provides: "The parties or the court for good cause shown, may by agreement, provide for extensions of the time limits specified * * *." This provision, when read within the overall context of the statute, is ambiguous as to whether an extension may

---

1. The affidavit of expert review must state, "[T]he facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff[.]" Minn.Stat. § 145.682, subd. 3(a) (1988).

If this affidavit is not served with the summons and complaint, it must be served within

90 days thereafter. Minn.Stat. § 145.682, subd. 3(b).

2. The 180–day period is prescribed in subdivision 2(2) of the statute. Subdivision 4 explains that this second affidavit must "state the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." Minn.Stat. § 145.682, subd. 4 (1988).

be granted after expiration of the 180 days. Twice before this issue has come before our court but neither time has the issue been decided. *See Thorson v. Rice County District One Hospital,* 437 N.W.2d 410 (Minn.1989) (question not reached because defendant estopped by its conduct from relying on the mandatory dismissal remedy of section 145.682, subd. 6); *Parker,* 414 N.W.2d 534 (the court of appeals extended the time for serving the affidavit on a showing of excusable neglect, which, on further review, was affirmed without opinion by an equally divided court).

Subdivision 4 states that the court or the parties may provide for extensions. The statute does not specify that extensions may only be granted before the expiration of the 180 days. The penalty clause, however, requires mandatory dismissal with prejudice for failure to comply with the statute's requirements. "Mandatory" implies that the court is without discretion on whether or not to dismiss; dismissal must follow if the requisite affidavit is not furnished. If the court can grant an extension after the motion for dismissal has been made, then it would seem that dismissal is no longer "mandatory," but discretionary. We agree, however, with the court of appeals' decision in *Parker* that the statute must be read in conjunction with Minn.R.Civ.P. 6.02, which says:

> When by statute * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

Under Minn.R.Civ.P. 81.01(c) all statutes "inconsistent or in conflict with these rules are superseded insofar as they apply to pleading, practice, and procedure in the district court." Therefore, if the requirements of section 145.682 for serving the affidavits of expert review and identification are deemed to be "procedural," Rule 6.02 allowing extensions of time for excusable neglect "upon motion made after the expiration of the specified period" super-

sedes the inconsistent statutory requirement.

We must then determine whether the requirement that an affidavit identifying experts be filed within 180 days is procedural or substantive. "[S]ubstantive law is that part of the law which creates, defines, and regulates rights, as opposed to 'adjective or remedial' law, which prescribes method [sic] of enforcing the rights or obtaining redress for their invasion." *Meagher v. Kavli,* 251 Minn. 477, 488, 88 N.W.2d 871, 879–80 (1958). *See also Strauch v. Superior Court,* 107 Cal.App.3d 45, 49, 165 Cal.Rptr. 552, 554 (1980) ("A statute is procedural when it neither creates a new cause of action nor deprives defendant of any defense on the merits.").

■ Plaintiff is suing at common law for negligence. While section 145.682 imposes additional requirements on plaintiff before she can enforce her claim, it does not change her basic right to sue for negligence. *Cf. Strauch,* 107 Cal.App.3d at 49, 165 Cal.Rptr. at 555 (similar statute requiring filing of a certificate of merit with any malpractice complaint is deemed procedural). We conclude that the time limits imposed under section 145.682, subd. 2(2) and subd. 3 are procedural. Consequently, we hold that the time for serving the affidavits under the statute may be extended, even after the time limits have expired, pursuant to Rule 6.02 upon a showing of excusable neglect.

## II.

Even if plaintiff could seek an extension of time to serve her untimely affidavit, defendant contends the dismissal of plaintiff's action must stand because plaintiff failed to make her Rule 6.02 motion in writing. An oral motion, says defendant, will not do.

Under our rules of civil procedure, a motion must be in writing "unless made during a hearing or trial." Minn.R.Civ.P. 7.02(a). The question then becomes whether the hearing at which plaintiff Stern made her oral motion for a time extension is the kind of "hearing" contemplated by

the Rule 7.02(a) exception. We think it was.

There are three parts to "making a motion" that is not an ex parte motion: (a) the motion itself; (b) the notice of motion; and (c) the hearing thereon. Generally, pretrial and post-trial motions must be in writing, setting out the grounds for the motion and the relief requested. *See* Rule 7.02(a). If the motion is in writing, it must be served with a written notice of hearing thereon. Rule 6.04. The written motion establishes a record which removes misunderstandings and uncertainty. The written notice of motion eliminates surprise and promotes efficient case management because it enables the parties and the court to make advance preparations for the hearing.

On the other hand, for motions which may be made orally "during a hearing or trial," no written notice of motion is required. This suggests that the hearing itself satisfies the notice requirement. *See, e.g., Kossak v. Stalling,* 277 N.W.2d 30, 32 (Minn.1979) (court at pretrial conference entertained oral motion to dismiss). In the right circumstances, the oral motion can save time and paperwork. Thus at common law motions were often made orally in open court, with opposing counsel present, and the motion either recorded by the reporter or entered in the court's minutes. *See, e.g., Williams v. Hawley,* 144 Cal. 97, 100, 77 P. 762, 763 (1904); *People v. Thomas,* 34 Ill.App.3d 1002, 1006, 341 N.E.2d 178, 182 (1976). This common law practice is reflected in the analogous Fed.R.Civ.P. 7(b)(1), as construed in *Taragan v. Eli Lily and Co.,* 838 F.2d 1337 (D.C.Cir.1988). There the court noted that the rule requiring written motions and written notice thereof permits the parties to know what has occurred and permits the court and opposing counsel to prepare adequately. The *Taragan* court found that these two functions are satisfied when the hearing is recorded and the oral motion "has some connection" to the matter set for hearing. *Id.* at 1340–41. *See also Alger v. Hayes,* 452 F.2d 841, 843 (8th Cir.1972).

▮ We hold an oral pretrial or post-trial motion is appropriate if it is made (1) during a hearing, (2) with the proceedings recorded, and (3) when the oral motion is related to the matter then under consideration by the court. If the oral motion cannot be immediately heard because time is needed for the opposing party to respond or for the parties to submit more data— which is often the drawback of an oral motion—the trial court may make the necessary accommodations. Much must be left to the sound discretion of the trial judge, including, with respect to acceptance of the motion, the requisite degree of relatedness between the oral motion and the matter then before the court.

▮ In this case, we conclude, as did the appeals panel, that plaintiff's oral motion should have been accepted and heard. It was made during a hearing; it was recorded; and the motion was related to the subject matter then under consideration. Indeed, plaintiff's oral motion to extend the time to serve an untimely affidavit was made to counter defendant's potentially dispositive motion, then being heard, to dismiss the lawsuit for failure to serve the affidavit timely. We agree with the court of appeals' disposition reversing the dismissal and remanding the matter to the trial court to determine if there is excusable neglect.

In fairness to the trial court, we might add, plaintiff's oral motion was made almost in passing during the hearing on defendant's motion, and the trial judge might not have understood plaintiff was making a motion.

Affirmed.