**Gregory James MOEN, Appellant,**

v.

**Salma MIKHAIL, M.D., George E. Reisdorf, M.D., et al., Respondents.**

**No. C3-89-540.**

Court of Appeals of Minnesota.

Nov. 7, 1989.

Review Granted Jan. 12, 1990.

Evan H. Larson, Peter D. Plunkett, Warren F. Plunkett & Associates, Austin, for Gregory James Moen.

Kenneth R. White, Farrish, Johnson & Maschka, Mankato, for Salma Mikhail, M.D.

Laurie J. Miller, Dunlap Law Firm, Rochester, for George E. Reisdorf, M.D., et al.

Heard, considered and decided by SCHUMACHER, P.J., and FORSBERG and GARDEBRING, JJ.

## OPINION

SCHUMACHER, Judge.

The trial court granted respondent doctors' motions for summary judgment and denied Moen's motion for an extension of time in which to comply with Minn.Stat. § 145.682 (1988). We reverse.

## FACTS

Gregory Moen was injured in a motorcycle accident on June 25, 1986. From the time of the accident to August 19, 1986, he was treated by Dr. Mikhail, a radiologist, Dr. Reisdorf, an orthopedist, and Dr. Birkhofer, a family practitioner. In July of 1987, Moen met with new doctors who reviewed his previous x-rays and concluded that the motorcycle accident caused a fracture of Moen's right ankle. None of the respondent doctors had diagnosed or treated him for the fracture.

Moen commenced a medical malpractice action against Mikhail on June 15, 1988 and against Reisdorf on June 23, 1988. Attached to the summons and complaint was an affidavit which stated that Moen's attorney had reviewed the case with an expert who opined that one or more of the defendants deviated from the appropriate standard of care.

On December 23, 1988 Mikhail served a motion for summary judgment alleging plaintiff's failure to comply with the requirements of Minn.Stat. § 145.682. On the same day Moen served answers to interrogatories in which he disclosed the identity of a medical expert to be called in the case against Mikhail. On January 10, 1989, Reisdorf served a motion for summary judgment alleging failure to comply with the statute and about the same time Moen disclosed the medical expert to testify in the case against Reisdorf by way of answers to interrogatories. In both instances, Moen's responses were made more than 180 days after the lawsuit was initiated.

On January 10, 1989, Moen served a motion on both defendants for a ten-day extension pursuant to Minn.R.Civ.P. 6.02 in order to comply with Minn.Stat. § 145.682.

The motions were heard on January 17, 1989. The court denied Moen's motion for an extension but granted the doctors' motions for summary judgment. Moen appeals.

## ISSUE

Did the trial court err by granting summary judgment for the doctors, and denying Moen's request for a time extension?

## ANALYSIS

■ On appeal from a grant of summary judgment, a reviewing court must determine whether genuine issues of material fact exist and whether the trial court correctly applied the law. *Offerdahl v. University of Minnesota Hospitals and Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The court of appeals is not bound by a trial

court's interpretation of a statute. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

In this case, both parties agree that Moen's answers to interrogatories informing respondent doctors of Moen's experts missed the 180 day time limit set out in Minn.Stat. § 145.682, subd. (4) (1988). The parties, however, disagree as to whether the statute permits the court to grant an extension and whether Moen's failure to identify his experts is excusable, thereby warranting extension.

EXTENSION OF TIME

1. Minn.Stat. § 145.682 (1988) imposes certain requirements upon a plaintiff bringing a malpractice action, and provides time limits for performance of those requirements. The statute provides that when alleging malpractice in a cause of action which requires expert testimony, a plaintiff must submit an affidavit with the summons and complaint stating that the plaintiff's attorney has reviewed the facts of the case with an expert whose opinion is that one or more defendants deviated from the applicable standard of care causing injury to the plaintiff. Minn.Stat. § 145.682, subd. (3)(a) (1988). Neither party contests that Moen provided this affidavit.

The plaintiff must produce a second affidavit within 180 days after commencement of the suit. Minn.Stat. § 145.682, subd. (2) (1988) provides as follows:

> Subd. 2. REQUIREMENT. In an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case, the plaintiff must: (1) unless otherwise provided in subdivision 3, paragraph (b), serve upon defendant with the summons and complaint an affidavit as provided in subdivision 3; and (2) *serve upon defendant within 180 days after commencement of the suit an affidavit as provided by subdivision 4.* (emphasis added).

The second affidavit must contain the following information:

> [T]he identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

Minn.Stat. § 145.682, subd. (4). Moen failed to file the second affidavit within 180 days of initiating the lawsuit. Failure to comply with this requirement results, "upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." Minn.Stat. § 145.682, subd. (6) (1988).

A recent Minnesota Supreme Court decision addressed the time limits in Minn.Stat. § 145.682. The court concluded that:

> [T]he time limits imposed under section 145.682, subd. 2(2) and subd. 3 are procedural. Consequently, we hold that the time for serving the affidavits under the statute may be extended, even after the time limits have expired, pursuant to Rule 6.02 upon a showing of excusable neglect.

*Stern v. Dill*, 442 N.W.2d 322, 324 (Minn. 1989).

Minnesota Rule of Civil Procedure 6.02 provides that when a statute requires performance of a certain action within a specified time period, upon motion after the expiration of the time period, the court may, in its discretion, permit the action to proceed when the failure to act was the result of excusable neglect. Clearly, an application for an extension may be made after the time limit has expired pursuant to section 145.682 and incorporates the requirement under rule 6.02 of "excusable neglect." Moen properly requested an extension.

EXCUSABLE NEGLECT

■ 2. When seeking to extend the time limit under Minn.Stat. § 145.682, rule 6.02 provides the proper standard. *Parker v. O'Phelan*, 414 N.W.2d 534, 537 (Minn.Ct. App.), *aff'd*, 428 N.W.2d 361 (Minn.1988). A reviewing court may not reverse the

decision of a trial court regarding the extension of a time limit under rule 6.02 unless the trial court has abused its discretion. *Coller v. Guardian Angels Roman Catholic Church of Chaska*, 294 N.W.2d 712, 715 (Minn.1980).

While *Stern* allows for an extension of time upon a showing of excusable neglect, the case does not clarify what constitutes excusable neglect. The standard for excusable neglect when granting relief from a default judgment is as follows:

> Excusable neglect is found when there is a reasonable defense on the merits, a reasonable excuse for the failure to answer, the party acted with due diligence after notice of the entry of judgment, and no substantial prejudice results to other parties.

*Parker*, 414 N.W.2d 537. This court has previously applied this standard for excusable neglect in a rule 6.02 case. *See id.*

■ The record indicates that Moen filed the second affidavit 11 days late in his suit against Mikhail, and 24 days late in his suit against Reisdorf. Moen's attorney made a good faith request to extend the 180 day time period, and no party asserts that respondent doctors were substantially prejudiced. We do not feel that Moen should be denied the right to pursue his claim on technical grounds, particularly where no prejudice to respondents has been shown. *See Guillaume & Associates v. Don–John Co.*, 336 N.W.2d 262 (Minn.1983). We conclude therefore, that it was an abuse of discretion for the trial court not to find excusable neglect under the circumstances of this case.

## DECISION

The trial court erred by finding that it had no authority or discretion to extend the statutory time limit and that Moen did not show excusable neglect.

Reversed.

FORSBERG, Judge (dissenting):

I respectfully dissent on the grounds that the trial court did not abuse its discretion in finding that there is no excusable neglect. Moen offered no excuse for a failure to meet the 180–day limit for disclosing his experts.