Michael MALONEY, Appellant,

v.

FAIRVIEW COMMUNITY HOSPITAL, d/b/a Fairview Southdale Hospital, Clifford M. Phibbs, M.D., et al., Respondents.

No. C7-89-1447.

Court of Appeals of Minnesota.

Feb. 6, 1990.

Review Denied March 22, 1990.

James Jay Rennicke, Anoka, for Michael Maloney.

John R. McBride, Robert S. Halagan, St. Paul, for Fairview Community Hosp., d/b/a Fairview Southdale Hosp.

William M. Hart, Robert M. Frazee, Meagher & Geer, Minneapolis, for Clifford M. Phibbs, M.D., et al.

Considered and decided by WOZNIAK, C.J., and FORSBERG and NORTON, JJ.

## OPINION

FORSBERG, Judge.

Michael Maloney appeals from a judgment dismissing with prejudice his medical malpractice claims against respondents, Fairview Community Hospital, d/b/a Fairview Southdale Hospital (Hospital), and twelve individual doctors (Doctors). We affirm dismissal of appellant's claims against the Doctors, but reverse dismissal of his claims against the Hospital and remand for further proceedings.

## FACTS

Appellant was hospitalized from April 5 until May 27, 1986 for gunshot wounds to his abdomen.

Two years later in April 1988, he brought this action *pro se* alleging the Hospital and Doctors negligently ordered and administered excessive fluids, addictive and narcotic drugs, and inappropriate antibiotics, resulting in permanent vertigo and hearing loss.

The Hospital answered and served interrogatories asking for, among other things, identification of expert witnesses. The Doctors served separate answers, a "Demand for Affidavit from Expert," which requested compliance with Minn.Stat. § 145.682, and interrogatories upon appellant.

In July 1988, attorneys Richard Meshbesher and Bruce Douglas agreed to repre-

sent appellant. All subsequent correspondence between the parties was directed to and handled by Meshbesher.

On September 14, 1988, appellant served the Hospital with his answers to its interrogatories. In a subsequent letter, the Hospital's attorney advised Meshbesher he "would be scheduling informal meetings with those doctors identified in your answers who will testify on behalf of your client."

On October 1, 1988, the 180–day time limit under Minn.Stat. § 145.682 for filing an affidavit identifying expert witnesses expired. In March 1989, the Doctors moved to dismiss appellant's complaint "for failure to provide an Affidavit of Identification of Expert," as required by Minn.Stat. § 145.682, subd. 6. The Hospital similarly moved for dismissal under Minn.Stat. § 145.682. In its memorandum, the Hospital acknowledged it received answers to its interrogatories within the 180–day time period, but argued dismissal was nevertheless warranted because those answers were inaccurate and false.

Following a hearing, the court granted the motions and dismissed appellant's claims with prejudice. This appeal followed entry of judgment.

## ISSUES

1. Does the information contained in the answers to the Hospital's interrogatories satisfy the requirements of Minn.Stat. § 145.682?

2. With respect to the claims against the Doctors, is appellant entitled to an extension of time within which to comply with Minn.Stat. § 145.682?

3. Is there merit to any of appellant's other arguments?

## ANALYSIS

■ Minn.Stat. § 145.682 (Supp.1987), imposes certain requirements upon a plaintiff bringing a malpractice action and provides time limits for performance of those requirements. The issue in this case involves the affidavit of expert identification required by Minn.Stat. § 145.682, subds.

2(2) and 4. This affidavit must be filed within 180 days after commencement of the suit and contain the following information:

[T]he *identity* of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the *substance of the facts and opinions* to which the expert is expected to testify, and a *summary of the grounds* for each opinion.

Minn.Stat. § 145.682, subd. 4 (emphasis added). Answers to interrogatories stating the above information may be used to satisfy this requirement. *Id.*

Failure to comply with these requirements "results, upon motion, in mandatory dismissal with prejudice of each cause of action[.]" Minn.Stat. § 145.682, subd. 6.

### I.

■ The 180–day period in this case expired on October 1, 1988. It is undisputed appellant served answers to the Hospital's interrogatories within this 180–day time period. The Hospital nevertheless argues the content of these answers is inaccurate and fails to satisfy the statute.

Interrogatory Nos. 6, 13, and 23 essentially request information required by the statute by asking for the names of expert witnesses expected to be called at trial, the subject matter of their testimony, the substance of each fact and opinion, and the grounds for each opinion. Listed in response are seven physicians.

Prior to moving for mandatory dismissal, the Hospital's attorney contacted at least three of those physicians. He claimed one physician, Dr. Samuel Levine, would not provide any expert testimony as to the Hospital's negligence. He further provided evidence that two other physicians, Drs. Richard Nissen and Michael Paparella, had not been contacted regarding any testimony, were not interested in providing expert testimony on behalf of appellant, and had not formed any opinion regarding possible negligence on the part of the Hospital. Meshbesher's attempt to explain these ap-

parent inaccuracies in the interrogatory answers was rejected by the trial court.

We need not determine whether the trial court properly ordered dismissal based on its determination several of the interrogatory answers were inaccurate. We believe the remaining interrogatory answers contain information sufficient to satisfy the requirements of Minn.Stat. § 145.682. Appellant lists four other physicians whom he expects will render opinions on the Hospital's negligence in a number of specific areas, the applicable standard of care, appellant's condition prior to and after hospitalization, the cause of appellant's current injuries, and the actions of the Hospital contributing to those injuries. The summaries of these opinions refer to certain test results and to specific events occurring during appellant's hospital stay. When considered as a whole, these interrogatory answers state information sufficiently precise to verify the lawsuit's viability. *See Parker v. O'Phelan*, 414 N.W.2d 534, 537 (Minn.Ct.App.1987), *opinion aff'd by an evenly divided supreme court*, 428 N.W.2d 361 (Minn.1988).

We therefore reverse the trial court's dismissal of appellant's claims against the Hospital, and remand for further proceedings.

## II.

■ The Doctors argue appellant's claims against them were properly dismissed because he failed to timely file either an affidavit of expert identification or answers to their interrogatories. It is undisputed appellant never filed an affidavit and his answers to the Doctors' interrogatories were not filed until April 1989, some six months after the 180–day time limit had expired.

In *Stern v. Dill*, 442 N.W.2d 322 (Minn. 1989), the supreme court held the time limits of Minn.Stat. § 145.682 may be extended pursuant to an oral or written motion under Minn.R.Civ.P. 6.02, which requires a showing of excusable neglect. *Id.* at 324. In this case, appellant never requested or made a motion for an extension of time within which to satisfy the statute. This alone justifies dismissal of his claims against the Doctors.

■ Even if we were to conclude the trial court should have *sua sponte* considered extending the time limits, a review of the record fails to support a showing of excusable neglect on the part of appellant. *See Parker*, 414 N.W.2d at 537 (excusable neglect is shown where there is a reasonable case on the merits, plaintiff has a reasonable excuse, plaintiff acted with due diligence, and no substantial prejudice will result to the other parties).

In particular, the record fails to show appellant has a reasonable excuse for failing to comply. He has been aware of the statutory requirements since the beginning of this lawsuit, as evidenced by the written demand for compliance with the statute served on him by the Doctors with their answer. Moreover, he has been represented by the same attorney since July 1988, well before expiration of the statutory time period. *See id.* at 537–38 (record supported finding of reasonable excuse because of confusion resulting from plaintiff's case being handled by a number of different attorneys).

The record also fails to support a finding the Doctors would suffer no substantial prejudice if appellant's claims are reinstated. It has been over three years since appellant's injury and treatment, and over two years since commencement of this suit. *See Chizmadia v. Smiley's Point Clinic*, 428 N.W.2d 459, 461 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Oct. 26, 1988) (dismissal affirmed where several extensions had already been granted and 11 months had passed since commencement of suit).

We therefore affirm dismissal of appellant's claims against the Doctors.

## III.

Appellant raises a number of other issues which are without merit.

1. He argues the trial court somehow erred because it did not make specific findings of fact before dismissing his action. Minn.R.Civ.P. 52.01, however, specifically provides that findings of fact and conclusions of law are unnecessary on rule 56

motions. Moreover, the memorandum attached to the trial court's order adequately explains the court's reasoning.

2. Appellant claims the trial court erred by failing to consider his late-filed opposition papers. While the court had initially ruled it would not consider those papers, it subsequently reversed that ruling and allowed oral argument. The trial court's memorandum establishes appellant's written and oral arguments were fully considered.

3. Appellant makes some reference to "estoppel." This issue was not presented to the trial court and cannot be raised for the first time on appeal. *Greer v. Kooiker*, 312 Minn. 499, 511–12, 253 N.W.2d 133, 142 (1977).

Even if reviewable, it is questionable whether appellant can show estoppel. In *Thorson v. Rice County District One Hospital*, 437 N.W.2d 410 (Minn.1989), the supreme court held a hospital was estopped from asserting its right to dismissal under the statute. While this case arguably has some elements of estoppel, there is no evidence the Doctors' attorney misled appellant either directly or by his silence. The facts of this case are therefore not as compelling as those in *Thorson*.

4. Minn.Stat. § 145.682, subd. 6 provides for dismissal with prejudice "of each cause of action as to which expert testimony is necessary to establish a prima facie case." Appellant argues this case does not require expert opinion to prove malpractice. Again, this argument was not presented to the trial court and cannot be raised for the first time on appeal.

## DECISION

We affirm the trial court's dismissal of appellant's claims against the Doctors, but reverse its dismissal of his claims against the Hospital and remand for further proceedings.

Affirmed in part, reversed in part and remanded.