JESSON, Judge
Appellant Ann Firkus served her medical-malpractice complaint, and a little over a month later, respondent Dr. Dana Harms served his answer. Months passed. There were no additional pleadings, motions, or discovery. Approximately eight months after the complaint was served, Harms informed Firkus that the statutory 180-day period to file the necessary affidavit of expert identification had expired. The district court agreed and dismissed the case, rejecting Firkus's argument that the time period did not commence, or that even if it did, the failure to file the affidavit was excusable neglect. We affirm in part, reverse in part, and remand.
FACTS
On March 4, 2016, appellant Ann Firkus served-but did not file-a complaint alleging medical malpractice against respondent Dr. Dana Harms. Harms served his answer on April 15, 2016, denying all allegations.[1] A few weeks later, Harms's attorney requested that Firkus provide signed authorization forms to allow the release of medical records, stating:
I am just starting to look into your client's claims. Although it would be addressed in formal written discovery, because it takes some time to request and receive medical records, in these types of cases the Plaintiff will often provide authorizations to allow us to obtain her medical records prior to formal discovery.
On April 29, 2016, Firkus's attorney requested that she sign these forms. And on May 18, 2016, Firkus's attorney informed Harms's attorney that she was still working on gathering a list of her providers and completing the forms.
After these initial communications, activity in this case came to a halt. The medical authorization forms were not completed. Months passed, and on November 30, 2016, Harms's attorney e-mailed Firkus's attorney requesting a stipulation to dismissal, stating that the deadline to serve the affidavit of expert identification, pursuant to the expert-review statute, had expired. See Minn. Stat. § 145.682, subd. 2.
*417 An affidavit of expert identification is required in cases in which expert testimony is necessary to establish a prima facie case, and it must be served within 180 days after discovery commences.[2] Id. Failure to comply with this statutory provision results in "mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." Minn. Stat. § 145.682, subd. 6(b) (2016). Firkus's attorney e-mailed back on December 2, 2016, stating that because discovery never formally started, the time limit for the affidavit of expert identification had not yet begun to run. Firkus's attorney also explained that the delay in providing the authorization forms was due to issues relating to Firkus's attention-deficit disorder and an unexpected knee surgery.
On January 23, 2017, Harms filed the case with the district court. And a week later, Harms filed a motion to dismiss on the ground that Firkus failed to serve an affidavit of expert identification within the 180-day period. Then on February 17, 2017, Firkus sent Harms the requested authorizations and an affidavit of expert identification.
The motion-to-dismiss hearing occurred in April 2017, and the district court granted Harms's motion to dismiss the following month. The district court found that neither attorney did anything to progress the case toward formal discovery, both attorneys were to blame for the delay, and both failed their duty to their clients to effectively manage the case. But despite finding both attorneys were to blame, the district court found that "ultimately Ms. Firkus's attorney failed to move this case forward." The district court accepted Harms's argument that either "informal discovery" started when he requested medical authorization forms, or that formal discovery started once discovery should have commenced under the Minnesota Rules of Civil Procedure. The district court rejected the argument from Firkus that any delay was due to excusable neglect.
Firkus appeals.
ISSUES
I. Did the district court err in determining the 180-day period to file an affidavit of expert identification had expired?
II. Did the district court abuse its discretion in holding the excusable-neglect doctrine was inapplicable?
ANALYSIS
The expert-review statute states that in actions alleging malpractice against a health-care provider that include a cause of action requiring expert testimony, the plaintiff must "serve upon defendant within 180 days after commencement of discovery under the Rules of Civil Procedure, rule 26.04(a) an affidavit as provided by subdivision 4." Minn. Stat. § 145.682, subd. 2. This affidavit must identify, and be signed by, each expert witness the plaintiff plans to call at trial, and it must include "the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." Minn. Stat. § 145.682, subd. 4.
Firkus argues on appeal that the district court erred in its interpretation of the expert-review statute and that the 180-day period did not begin because discovery never commenced. And Firkus contends that even if the 180-day period expired, the district court abused its discretion when it held that the doctrine of excusable neglect *418 was inapplicable. We address each argument in turn.
I. The district court did not err in determining the 180-day period to file an affidavit of expert identification had expired.
The question before this court is: when does discovery commence under the expert-review statute? To resolve this question, we first determine whether the statutory language is ambiguous, and if it is, we must then ascertain the legislature's intent. Because this question requires us to interpret statutory language and the Minnesota Rules of Civil Procedure, we review the district court's determination de novo. DeCook v. Olmsted Med. Ctr., Inc. , 875 N.W.2d 263, 266 (Minn. 2016).
The first step in statutory interpretation is determining whether the statute is ambiguous. Staab v. Diocese of St. Cloud , 853 N.W.2d 713, 717 (Minn. 2014). A statute is ambiguous when it is susceptible to more than one reasonable interpretation. Id. Both parties set forth reasonable interpretations of the statute's plain language. Firkus argues the expert-review statutory language, "after commencement of discovery under the Rules of Civil Procedure, rule 26.04(a)," unambiguously incorporates the language from rule 26.04(a), which states "parties may not seek discovery from any source before the parties have conferred and prepared a discovery plan." Minn. Stat. § 145.682, subd. 2. Firkus argues that this interpretation indicates discovery does not commence until parties have conferred and prepared a discovery plan, and the 180-day period cannot begin until that point. Harms contends that, while the statute explicitly references the discovery conference in 26.04(a), we cannot look at this rule in isolation, but should look at the rules of civil procedure as a whole. And rule 26.06(a) is especially relevant as it discusses the timing of the discovery conference: "the parties must confer as soon as practicable-and in any event within 30 days from the initial due date for an answer." Harms argues that this interpretation would mean discovery could start no later than 30 days past the initial due date for the answer, and this is the latest the 180-day period could begin. Both of these are reasonable interpretations. We therefore determine the statute is ambiguous.[3]
Because the statutory language is ambiguous, we turn to the legislative history and circumstances under which the statute was enacted to ascertain the legislature's intent. Minn. Stat. § 645.16 (2016). To fully explore the legislative history, we first examine the statute prior to its amendments, then discuss the amendments to discovery under the Minnesota Rules of Civil Procedure, and finally address the resulting amendment to the statute that sets forth the current language.
Prior to its current amended form, the expert-review statute stated that the necessary affidavit of expert identification for medical malpractice cases was due "180 days after commencement of the suit." Minn. Stat. § 145.682, subd. 2 (2002). This was a bright-line rule, as a lawsuit commences when the summons is served upon the defendant. Minn. R. Civ. P. 3.01(a) (2002). The statute's purpose is equally *419 clear: to weed out medical malpractice suits that are without merit. See Stroud v. Hennepin Cty. Med. Ctr. , 556 N.W.2d 552, 555 (Minn. 1996) ("The Minnesota legislature enacted Minn. Stat. § 145.682 for the purpose of eliminating nuisance medical malpractice lawsuits by requiring plaintiffs to file affidavits verifying that their allegations of malpractice are well-founded.").
The timing of discovery was not implicated by the statute, but this was short-lived, as the rules on discovery would soon go through several changes. Before these changes, the Minnesota Rules of Civil Procedure did not mandate discovery conferences or discovery plans, but stated that the court may direct attorneys to appear before it for a conference, and there a discovery plan may be issued. Minn. R. Civ. P. 26 (2002). Rule 26 was significantly amended in 2013, and language was added stating that generally, "parties may not seek discovery from any source before the parties have conferred and prepared a discovery plan as required by Rule 26.06(c)."[4] See Minn. R. Civ. P. 26.04(a) (2014). Rule 26.06 was also amended to mandate that parties confer as soon as practicable, and in any event, within 30 days from the initial due date for an answer. Minn. R. Civ. P. 26.06(a) (2014).
These changes to discovery created consequences for the expert-review statute. Prior to the discovery changes, plaintiffs had 180 days from commencement of the suit to conduct discovery and complete the necessary affidavit of expert identification. But with these changes, their time to conduct discovery would be less than 180 days as they had to wait until the discovery conference and discovery plan occurred.
The legislature sought to fix this dilemma through an amendment to the expert-review statute. The bill for the amendment changed the 180-day period from starting at the commencement of the suit to the commencement of discovery. H.F. 2385 (2013). This bill was enacted and became effective in April 2014. 2014 Minn. Laws ch. 153, § 1 at 9381. After the amendment, and as it currently reads, the statute states that the necessary affidavit of expert identification for medical malpractice cases is due "180 days after commencement of discovery under the Rules of Civil Procedure, rule 26.04(a)." Minn. Stat. § 145.682, subd. 2 (emphasis added).
Legislative history shows this amendment was not meant to substantively change the statute, but to ensure plaintiffs still had their entire 180 days to conduct discovery for their affidavit of expert identification. The description of the amendment's bill stated the change was "because of recent amendments to the Minnesota Rules of Civil Procedure." H.F. No. 2385 (2014). And testimony at committee hearings further established this. Medical-malpractice attorney Melissa Wendland testified at a committee meeting of the Committee on Civil Law. Hearing on H.F. No. 2385 Before the H. Comm. on Civ. Law (March 5, 2014). She stated that parties are prohibited from exchanging information until a discovery plan is created and expressed concern that without this amendment to the statute, the Minnesota Rules of Civil Procedure cut into the 180 days of eligible discovery *420 time. Id. She further testified that the amendment "return[s] that timeframe [of] 180 days just back to the status quo." She explained that "this won't delay lawsuits" and merely returns the law to what it was prior to the changes to discovery in the rules of civil procedure. Similarly, Joel Carlson, on behalf of the Minnesota Association for Justice, testified at a committee meeting of the Committee on Judiciary Finance Policy, and stated this amendment was to reflect the changes to the rules of civil procedure, and that it "makes certain the legislative mandate of 180 days of discovery is available." Hearing on H.F. No. 2385 Before the Comm. an Judicial Fin. and Policy (March 12, 2014). This legislative history shows the primary intent of this amendment is to allow plaintiffs to have a full 180 days of discovery, not to create any substantive changes to the affidavit-of-expert-identification timeline.
With this understanding of legislative history, we turn to interpret the phrase "commencement of discovery." We conclude that the phrase means when discovery should commence under rule 26 of the Minnesota Rules of Civil Procedure. This in turn means that, because discovery is to commence no later than 30 days after the initial due date of the answer-the same date as the deadline for the discovery conference-this date triggers the latest possible start of the 180-day period to file the affidavit of expert identification.[5] This provides a definite period to complete the affidavit, but incorporates the changes to case timelines from the amended rules of civil procedure. Furthermore, it provides parties with a bright-line rule, a feature of the statutory language before the amendment. Given the legislative intent to maintain the status quo, rather than create delays, this reading of the statute best reflects the legislature's intent.
Firkus contends that her proposed interpretation, that discovery does not commence until the parties have conferred, is consistent with the legislative history suggesting the status quo was meant to be retained. Firkus reasons that allowing the 180-day period to be delayed for prolonged periods of time is inconsequential because plaintiffs would be unable to conduct discovery during this time and would not glean any benefits. But as Harms points out, a focus of the 180-day period is acquiring an expert witness who can provide the necessary affidavit. This process of acquiring an expert witness can be done outside of discovery, and therefore, determining that the 180-day period does not begin until the discovery conference takes place would allow plaintiffs to have an extended amount of time to communicate with and find an expert witness. This benefit was not conferred under the pre-amended statutory language. It is outside of the legislature's intent as it would mark a significant, substantive change to the rule.
Firkus also argues both parties have tools to get discovery started and either party could start the 180-day period when it chooses, thus any concerns over indefinite delays are unwarranted. But this does not account for situations where neither party takes any action-such is the case here. When neither party moves the case toward discovery, this deadline to file the required affidavit of expert identification is extended indefinitely, and this is inconsistent with the legislature's intent.
In sum, after examining the legislative history of the statute and the circumstances *421 under which it was enacted, we determine that the phrase "after commencement of discovery" means the latest date discovery commences under the statute is 30 days after the initial due date for the answer, regardless of whether the parties failed to initiate discovery on their own.
Applying this to the facts before us, this 180-day period expired before Firkus served her affidavit of expert identification. The complaint was filed on March 4, 2016, and the answer was therefore due 20 days later, on March 24, 2016.[6] Minn. R. Civ. P. 12.01 (2016) ("Defendant shall serve an answer within 20 days after service of the summons. ..."). The parties were then required-but failed-to meet and confer to create a discovery plan by April 25, 2016. The period to file the necessary affidavit of expert identification expired 180 days from that date, on October 24, 2016. Firkus did not file the affidavit until February 17, 2017, well after it was required. The district court therefore did not err in determining Firkus did not comply with the timing required under the expert-review statute.[7]
II. The district court must make further findings of fact regarding the excusable-neglect doctrine in light of the ambiguities of the expert-review statute.
Firkus contends that even if the time requirements of the expert-review statute were not complied with, the district court abused its discretion in determining the doctrine of excusable neglect did not apply. Excusable neglect is a basis for relief for clients when they suffer from the negligence of their attorneys, and courts have held that this doctrine can apply when the expert-review statutory time limits are not timely met. Parker v. O'Phelan , 414 N.W.2d 534, 537 (Minn. App. 1987), aff'd , 428 N.W.2d 361 (Minn. 1988).[8] To establish excusable neglect, there are four required elements: (1) there is a reasonable defense on the merits; (2) there is a reasonable excuse for the failure to file; (3) the party acted with due diligence after notice; and (4) no substantial prejudice results to other parties. Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc. , 715 N.W.2d 458, 471 (Minn. App. 2006), review denied (Minn. Aug. 23, 2006).
*422 The district court's decision of whether to apply this doctrine is reviewed for an abuse of discretion. Id.
The district court only addressed the second element-whether there was a reasonable excuse for the failure to file the affidavit of expert identification-and found it was not satisfied. The district court rejected Firkus's attorney's arguments that the delay was excused by Firkus's unexpected surgery after serving the complaint. We do not question this factual finding by the district court. However, in light of this opinion's discussion of the ambiguity regarding when the 180-day period began to run, this might provide a sufficient excuse for the failure to timely file the affidavit of expert identification. And because there are no findings by the district court on how the potential confusion over the statutory language may have delayed the filing of the affidavit of expert identification, we remand to the district court for findings on this element. If it finds that it was a reasonable excuse under the circumstances, then it must determine if the other elements of excusable neglect are similarly satisfied.
Firkus urges this court to determine whether this doctrine applies, but we decline to do so. Not only is the district court in the best position to determine whether the elements are satisfied, but also there are insufficient facts in the record for this court to analyze the doctrine properly. For example, the third element is whether the party acted with due diligence after notice of failure to file the affidavit of expert identification. Lake Superior Ctr. Auth. , 715 N.W.2d at 471. Because the district court found the second element was not satisfied and did not continue its analysis, the district court did not make any findings as to whether Firkus's actions were diligent.
DECISION
The parties' failure to move the case along revealed an ambiguity with the expert-review statute: it is unclear when discovery commences and when the 180-day period to file the affidavit of expert identification begins. Because the legislative history and circumstances surrounding the amendments establish that the legislature did not intend to substantively change the law, but rather bring the statute in conformance with the amended Minnesota Rules of Civil Procedure, the latest discovery may commence under the statute is the date of a discovery conference pursuant to Rule 26.06, or 30 days from the initial due date for an answer, whichever is earlier.
Affirmed in part, reversed in part, and remanded.

The answer was served outside the initial time period to serve an answer because of a stipulated time-extension. See Minn. R. Civ. P. 12.01 ("Defendant shall serve an answer within 20 days after service of the summons. ...").

The expert-review statute also requires that a plaintiff serve an affidavit of expert review at the time of summons. Minn. Stat. § 145.682, subd. 2. But only the issue regarding the affidavit of expert identification is before us.

Harms also argues another interpretation, that informal discovery falls within the scope of the statute, and informal discovery here occurred when he requested medical authorization forms. We are not persuaded. The statute explicitly references discovery conducted pursuant to the rules of civil procedure, and it does not contain any references to informal discovery. Interpreting the statute to permit an informal request of information as a trigger to the 180-day period would go well beyond the text of the statute.

The reason for these changes to the Minnesota Rules of Civil Procedure was to bring the rules more in line with the Federal Rules of Civil Procedure, which went through similar changes years prior. See Fed. R. Civ. P. 26(d)(1) (stating that a "party may not seek discovery from any source before the parties have conferred"); see also Recommendations of the Minnesota Supreme Court Civil Justice Reform Task Force , No. ADM10-8051, at 18-20 (Minn. Dec. 23, 2011) (stating the proposed changes to rule 26 are in accordance with the federal rules).

We note that our decision concerns circumstances absent a court order, or agreement amongst the parties, extending the 180-day period to file the affidavit of expert identification. See Minn. Stat. § 145.682, subd. 4(b) (2016).

While the parties here stipulated to a different deadline to file an answer, this does not change when the answer was initially due. See Minn. R. Civ. P. 26.06(a) ("[T]he parties must confer as soon as practicable-and in any event within 30 days from the initial due date for an answer.") (emphasis added).

Firkus also argues that the district court judge was biased against her because in the order, the district court stated that there is an innuendo that medical malpractice cases filed right before the statute of limitations expires are meritless. We disagree that there was any bias. While the district court did mention this innuendo, it qualified that statement by stating there is nothing to suggest this is true generally, or specifically to this case. And while Firkus expresses concern on appeal about the district court's comments regarding the lawyers, the record shows the district court was understandably frustrated with both sides. And we note that Firkus conceded at oral argument that she was not seeking any remedy based on the district court's alleged bias.

Parker applied the doctrine of excusable neglect to a case with similar facts, a late filing of the expert affidavit. 414 N.W.2d at 537. It determined that because the purpose of the expert-review statute was to weed out meritless malpractice claims, and the purpose of the rules of civil procedure was to try cases on the merits, the doctrine of excusable neglect did not frustrate the statute's purpose and the two were not inconsistent with one another. Id. While the statutory language of the expert-review statute has changed since Parker , the purpose has remained the same and the doctrine is thus still applicable to the statute.