Kathleen M. ANDERSON, Appellant,

v.

Dr. Setti RENGACHARY, Respondent.

No. C7-98-1987.

Court of Appeals of Minnesota.

April 13, 1999.

Paul A. Sortland, Sortland Law Office, Minneapolis, MN (for appellant)

David Hutchinson, Kyle Marcell Thomas, Geraghty O'Loughlin & Kenney, P.A., St. Paul, MN (for respondent)

Considered and decided by TOUSSAINT, Chief Judge, RANDALL, Judge, and HUSPENI, Judge.

## OPINION

DORIS O. HUSPENI,* Judge.

Appellant challenges the district court's dismissal of her medical malpractice suit for failure to comply with the expert affidavit requirements of Minn.Stat. § 145.682, subd. 4 (1998) and refusal to accept a supplemental expert affidavit. We reverse and remand.

## FACTS

On July 5, 1995, appellant Kathleen Anderson underwent surgery for the removal of three herniated disks and a hip bone graft to her neck. Respondent Setti Rengachary, M.D., performed the surgery. After her discharge on July 7, 1995, through November 22, 1995, Anderson complained of difficulty in swallowing food. Rengachary attributed any difficulty in swallowing to after-effects of neck surgery. He did not see Anderson after November 22, 1995.

In August 1997, Anderson commenced this medical malpractice suit against Rengachary, alleging that Rengachary's negligence during surgery caused her swallowing difficulty. In October 1997, Anderson submitted an affidavit of expert review, the first of two affidavits required by Minn.Stat. § 145.682 (1998). In December 1997, Anderson submitted the second affidavit, an affidavit of expert identification by Richard Goodman, M.D. The relevant portions of Dr. Goodman's affidavit read:

> I agree there was a deviation from the standard of care provided to this patient which caused the patient to have postoperative dysphasia of undetermined etiology. Also, it appears, based upon the medical record, that there was significant trauma to the esophagus. The standard of care is that esophageal trauma should be avoided during surgery of this type.
>
> I note in the records of Dr. Thomas C. Bagnoli, dated October 12, 1995, that he suggested that one of the possibilities for the dysphagia suffered by Kathleen Anderson is that, possibly during surgery, or afterwards, during the time she was in the surgical collar, that the plaintiff sustained an injury to the vagus nerve. If this supposition of Dr. Bagnoli was accu-

rate, that the vagus nerve suffered injury during surgery, or in the resulting after-care, this would also be a deviation from the standard of care as the surgeon should make certain that such trauma to the vagus nerve should not occur, either during or in aftercares following such surgery.

Anderson submitted Dr. Goodman's affidavit within the 180–day time period required by Minn.Stat. § 145.682, subd. 2.

In May 1998, after expiration of the 180–day time period, Rengachary moved for dismissal of Anderson's suit for failure to satisfy section 145.682's expert affidavit requirements. In finding that Dr. Goodman's affidavit was legally insufficient and dismissing Anderson's medical malpractice claim with prejudice, the district court noted:

> [The expert] describes the acts or omissions that violate the standard as "esophageal trauma" and, based on the opinion of another doctor, operative or postoperative damage to the vagus nerve. He concludes that these violations "caused the patient to have postoperative dysphasia of undetermined etiology." (Footnote omitted.) The inclusion of this phrase "of undetermined etiology" is inconsistent with the construction of a chain of causation. It says that the cause of Plaintiff's alleged injuries is unknown.

Pursuant to Minn. R. Gen. Pract. 115.11, Anderson moved for reconsideration and an additional 30 days "to comply with any shortcomings" in the expert identification affidavit by submitting a supplemental affidavit. The district court denied Anderson's request. Anderson now appeals.

## ISSUE

Did the district court abuse its discretion in dismissing the medical malpractice suit with prejudice on the basis of one statement in the required expert affidavit deemed insufficient by the district court after the statutory time period to cure any perceived deficiencies had expired?

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

■ This court reviews a district court's dismissal of an action for failure to comply with the requirements of Minn.Stat. § 145.682 (1998) under an abuse of discretion standard. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

■ The primary purpose of Minn.Stat. § 145.682 is to eliminate nuisance medical malpractice suits by requiring two affidavits. *Stroud v. Hennepin County Med. Ctr.*, 556 N.W.2d 552, 555 (Minn.1996). The first affidavit must state that the facts of the medical malpractice claim have been reviewed by an expert who believes that the defendant deviated from the applicable standard of care and caused injury. Minn.Stat. § 145.682, subd. 3. The second affidavit, due within 180 days of the suit's commencement, must make three disclosures: the identity of the experts likely to testify about malpractice and causation at trial, the substance of the facts and opinions about which the particular expert will testify, and a summary of the grounds of each opinion. Minn.Stat. § 145.682, subds. 2, 4(a); *Sorenson*, 457 N.W.2d at 190–91. The affidavit should set out how the expert will connect the facts to conduct that constitutes malpractice and causation. *Sorenson*, 457 N.W.2d at 192.

When reviewing procedural dismissals under Minn.Stat. § 145.682, our courts have articulated a judicial preference for deciding cases on the merits. *See Sorenson*, 457 N.W.2d at 192 n. 5 ("[T]he primary objective of the law is to dispose of cases on the merits."). The purpose of section 145.682 is not to deprive plaintiffs of legitimate lawsuits, but to weed out actions without evidentiary support. *Hempel v. Fairview Hosps., Healthcare Servs., Inc.*, 504 N.W.2d 487, 492 (Minn.App.1993); *see also Stroud*, 556 N.W.2d at 555 (noting that the legislature enacted the statute to eliminate lawsuits based on unfounded allegations of malpractice). Accordingly, the supreme court has directed district courts to consider less drastic alternatives to dismissal when the plaintiff has identified experts and given some meaningful disclosure of their testimony. *Sorenson*, 457 N.W.2d at 193.

■ The district court determined that Anderson's second expert affidavit failed to set forth causation and dismissed Anderson's medical malpractice suit with prejudice, pursuant to Minn.Stat. § 145.682, subd. 6. The court based its determination solely on Dr. Goodman's medical identification of Anderson's injury as "post-operative dysphagia[1] of *undetermined etiology*," which the court found "inconsistent with the construction of a chain of causation." (Emphasis added.) The district court rejected Anderson's request to supplement the affidavit to clarify the expert's terminology and cure the perceived defect regarding legal causation. We conclude that the district court's premature dismissal of the suit under Minn.Stat. § 145.682 was inconsistent both with the public policy concerns addressed by the legislature in enacting section 145.682 and with the judicial preference expressed in the caselaw.

Anderson's second affidavit fulfilled the primary requirement of Minn.Stat. § 145.682, subd. 4: it identified the expert likely to testify on malpractice and causation at trial. *See Sorenson*, 457 N.W.2d at 191 (stating that identification of an expert is the most important disclosure in the second affidavit). In addition, Anderson timely filed the affidavit within the required 180–day time period and demonstrated a good faith effort to comply with the disclosure requirements. Anderson did not receive notice of any insufficiency in the affidavit until after the 180 days expired.[2] Consequently, without receiving an extension of time, Anderson

---

1. Dysphagia is defined as "difficulty in swallowing." Stedman's Medical Dictionary 478 (25th ed.1990).

2. This case is distinguishable from past cases in which the expert identification affidavit was untimely or plaintiff received some notice of the affidavit's insufficiency prior to expiration of the 180-day time period. *See, e.g., Maloney v. Fairview Community Hosp.*, 451 N.W.2d 237, 240 (Minn.App.1990) (affirming the district court's dismissal when plaintiff failed to provide a sufficiently detailed affidavit within the 180–day time period and never obtained an extension by showing "excusable neglect"), *review denied* (Minn. Mar. 22, 1990).

was unable to address the district court's concern regarding the evidentiary basis for the suit. Under these circumstances, we conclude that directing the district court to allow Anderson to supplement her affidavit would best serve the intent of the legislature, the judicial policy of favoring disposal of cases on their merits, and the admonition of the *Sorenson* court that alternatives less drastic than dismissal be considered when the plaintiff has identified experts and given some meaningful disclosure of their testimony.

We decline to reach Anderson's constitutional challenge to Minn.Stat. § 145.682, which she did not raise in the court below. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (this court will generally not address issues not considered by the district court).

## DECISION

The district court abused its discretion in imposing the harsh sanction of dismissal with prejudice. We remand to allow Anderson 30 days to submit a supplemental affidavit, after which the district court shall determine whether the requirements of Minn.Stat. § 145.682, subd. 4 have been satisfied.

**Reversed and remanded.**