Violet **TOUSIGNANT, Appellant,**

v.

**ST. LOUIS COUNTY, MINNESOTA, et al., Respondents.**

No. C8–99–826.

Court of Appeals of Minnesota.

Nov. 30, 1999.

Review Granted Jan. 25, 2000.

David L. Weidt, Duluth, MN (for appellant).

Alan L. Mitchell, St. Louis County Attorney, Amy Hunt Kuronen, Assistant County Attorney, Duluth, MN (for respondents).

Considered and decided by HALBROOKS, Presiding Judge, KLAPHAKE, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant Violet Tousignant challenges the district court's dismissal of her medical malpractice lawsuit for failure to comply with the expert affidavit requirements of Minn.Stat. § 145.684. We affirm.

## FACTS

Appellant Violet Tousignant was admitted to respondent Chris Jensen Nursing Home, a medical facility owned and operated by respondent St. Louis County, to recover from hip surgery. Tousignant's referral form contained conflicting notes regarding the use of physical restraints. In one section, the referral required a vest restraint as needed for confusion, while another section required a restraint at all times.

Faced with what appeared to be conflicting orders, a nurse left a message for Tousignant's doctor to determine whether a restraint was needed. While the staff was waiting to hear from her doctor, Tousignant was left unrestrained. A few hours later, Tousignant was found injured, lying on the floor.

Ann Buselmeier, R.N., an investigator with the Minnesota Department of Health, conducted an investigation of the incident under the Vulnerable Adults Act. In a fairly detailed report, Buselmeier concluded that Jensen's staff failed to provide adequate care by not using a restraining device on Tousignant.

Tousignant served a complaint and included with it the initial affidavit of expert review required by Minn.Stat. § 145.682, subd. 3 (1996). Nearly two years after the suit was commenced, Jensen and St. Louis County filed a motion to dismiss the case on the ground that Tousignant failed to serve the second expert affidavit required by Minn.Stat. § 145.682, subd. 4 (1996).[1] The district court found that the second expert affidavit was required, but denied the motion to dismiss and gave Tousignant another 30 days to serve the affidavit.

Within that 30-day period, Tousignant served a document intended to fulfill the expert affidavit requirement. The document identified two experts that Tousignant intended to call to testify on the issue of Jensen's malpractice: Ann Buselmeier and Cora Haskins, also a registered nurse. The purported substance of their testimony was set forth as follows:

> Buselmeier: Neglect of health care did occur as it relates to the allegation that Violet Tousignant sustained a fracture due to staff failure to provide adequate care. Interviews and documentation established that [Tousignant] was confused and required the use of a restraining device. [Tousignant] was unable to provide for her own safety and would attempt to walk without staff supervision and/or the use of her walker. [Tousignant] was left unrestrained, fell and sustained a hip fracture.

> Haskins: Neglect of health care did occur as it relates to the allegation that Violet Tousignant sustained a fracture due to staff failure to provide adequate care. Interviews and documentation established that [Tousignant] was confused and required the use of a restraining

---

1. The lengthy nature of this litigation was a result of an appeal by Jensen and St. Louis County of the district court's denial of their governmental immunity-based motion for summary judgment. *See Tousignant v. St. Louis County,* No. C0-98-907, 1998 WL 846581 (Minn.App. Dec.8, 1998).

device. [Tousignant] was unable to provide for her own safety and would attempt to walk without staff supervision and/or the use of her walker. [Tousignant] was left unrestrained, fell and sustained a hip fracture. Such "neglect of health care" indicates that one or more of the defendants deviated from the applicable standard of care, and that deviation from the applicable standard of care caused injury to [Tousignant].

Tousignant's attorney signed the document, but Buselmeier and Haskins did not.

Jensen and St. Louis County renewed their motion to dismiss, contending that Tousignant's affidavit did not fulfill the statutory requirements for an expert affidavit. The district court agreed and dismissed the case.

## ISSUE

Did the district court abuse its discretion in dismissing Tousignant's lawsuit for failure to comply with the expert affidavit requirements of Minn.Stat. § 145.682?

## ANALYSIS

Within 180 days after the commencement of a medical malpractice action, the plaintiff must serve upon the defendant an affidavit, which

> must be signed by each expert listed in the affidavit and by the plaintiff's attorney and state the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

Minn.Stat. § 145.682, subd. 4(a) (1996). Failure to comply with the affidavit requirements constitutes grounds for mandatory dismissal of the claim with prejudice. *Id.*, subd. 6.

■ This court will not reverse a district court's dismissal of an action for procedural irregularities absent a showing that the trial court abused its discretion. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). The construction of a statute, however, is a question of law and is subject to de novo review. *Stroud v. Hennepin County Med. Ctr.*, 556 N.W.2d 552, 555 (Minn.1996).

■ In *Sorenson,* the supreme court examined the expert affidavit requirements of section 145.682. The *Sorenson* court held that the affidavit must contain more than just the facts found in hospital or clinic records and that conclusory statements are also insufficient. 457 N.W.2d at 192–93. Instead, the affidavit must set forth

> specific details concerning [the] experts' expected testimony, including the applicable standard of care, the acts or omissions that plaintiffs allege violated the standard of care and an outline of the chain of causation that allegedly resulted in damage to them.

*Id.* at 193. The *Sorenson* court, recognizing the preference for deciding cases on their merits, noted that failure to fully comply with the affidavit requirements may not require dismissal. *Id.* Specifically, the court held that in borderline cases, where the affidavit identifies the expert witness and gives some meaningful disclosure of the expert's testimony, a less drastic remedy than dismissal may be warranted. *Id.*

The supreme court revisited the affidavit requirement in *Stroud,* 556 N.W.2d 552. The court reiterated the requirements set forth in *Sorenson,* noting that broad, conclusory statements do not satisfy the statutory requirements. *Id.* at 555–56. The court also rejected the plaintiff's request to have her expert's affidavit read in connection with the death certificate, holding that such a reading would be contrary to *Sorenson's* prohibition on merely repeating facts in the hospital record. *Id.* at 556.

In *Lindberg v. Health Partners, Inc.,* 599 N.W.2d 572 (Minn.1999), the supreme court once again addressed the medical

malpractice expert affidavit requirement. In *Lindberg,* the supreme court held that the plaintiff's affidavit failed to comply with the statutory requirements. *Id.* at 577. In so holding, the court noted that strict compliance with the statute, as interpreted in *Sorenson* and *Stroud,* was necessary. *Id.* at 578. Furthermore, in a statement evidencing a more strict application of the statute, *Lindberg* noted:

> The statute requires far more information than simply identification of the expert intended to be called at trial or a "general disclosure" as respondent argues, *and non-affidavit materials, absence of prejudice to defendant, failure of defendant to prove plaintiff's claim is frivolous or failure of defendant to alert plaintiff to the inadequacy of the affidavit of expert identification will not excuse or justify an affidavit of expert identification falling short of the substantive disclosure requirement.* The statute provides for no such exception and it is not for the courts to read into a clear statutory scheme something that plainly is not there. Dismissal is mandated * * * when the disclosure requirements are not met [.]

*Id.* (emphasis added).

■ In the present case, the district court found Tousignant's expert affidavit insufficient in that: (1) it failed to set forth the applicable standard of care and the manner in which Jensen's staff departed from the standard; and (2) it was not signed by the experts. We agree that Tousignant's expert affidavit falls short of the requirements articulated in *Sorenson* and *Stroud,* particularly when considered in light of the supreme court's strict language in *Lindberg.* The affidavit does not articulate a standard of care and there are scant facts showing the departure from that standard. Rather, the affidavit contains little more than broad, conclusory statements. To that extent, the affidavit is similar to the one held insufficient by the *Lindberg* court.

■ Tousignant argues that the affidavit should have been considered in connection with Buselmeier's report for the Minnesota Department of Health. In the affidavit, both Buselmeier's and Haskin's expert opinions are little more than verbatim quotes from Buselmeier's report for the Department of Health. We point out, contrary to respondents' argument, that nothing in *Sorenson, Stroud* or *Lindberg* precludes an expert from using the same language found in a record or a report, as long as it is the expert's own opinion. But allowing Tousignant to use Buselmeier's report to supplement the affidavit would directly contradict *Lindberg's* prohibition on the use of "non-affidavit materials." 599 N.W.2d at 578.

■ Finally, Tousignant contends that the district court abused its discretion by refusing to grant an extension of time to allow her to supplement the affidavit. The court may extend the affidavit deadlines if "good cause" is shown. Minn.Stat. § 145.682, subd. 4(b) (1996); *Stern v. Dill,* 442 N.W.2d 322, 324 (Minn.1989). This court will not reverse the district court's determination of whether to grant such an extension unless the district court abused its discretion. *Chizmadia v. Smiley's Point Clinic,* 428 N.W.2d 459, 461 (Minn. App.1988), *review denied* (Minn. Oct. 26, 1988).

There are two problems with Tousignant's argument. First, Tousignant did not ask the district court for an extension to cure the affidavit's substantive deficiencies. Rather, she only requested an opportunity to procure the experts' signatures.[2] But even if Tousignant had made a proper request for an extension to supplement the substantive disclosure aspects of the affidavit, a second problem arises.

---

2. Respondents argue that dismissal is proper because the affidavit was not signed as required by Minn.Stat. § 145.682. It is not necessary for us to, and therefore we do not, reach this highly technical, and easily curable, defect in light of the affidavit's substantive deficiencies.

■ An extension of time to fulfill the requirements of section 145.682 is proper if the party has a reasonable excuse for failing to comply. *Moen v. Mikhail,* 454 N.W.2d 422, 422 (Minn.1990) (holding the plaintiff was not entitled to an extension of time where he did not provide a reasonable excuse for failing to meet the time deadlines). Tousignant has not provided any excuse for failing to comply with the substantive affidavit requirements. Tousignant had over two years to acquire a substantively sufficient expert affidavit. Moreover, Tousignant had already been given one extension of time to serve the affidavit, even though she requested the extension long after the statutory deadline had expired. *See Chizmadia,* 428 N.W.2d at 461 (affirming refusal to grant an extension when the district court had granted plaintiff extensions in the past). Accordingly, the district court's refusal to grant an extension was not an abuse of discretion.

Dismissal of Tousignant's case is unquestionably harsh. The concurring opinion in *Lindberg* was concerned that

[a]rguably, the future implications of the majority's language will be decisions much more harsh than the result that we reach in the case before us today.

599 N.W.2d at 579 (J. Paul H. Anderson, concurring specially). The deficiencies of Tousignant's affidavit have caused no identifiable prejudice to Jensen and St. Louis County. More troubling is the fact that Tousignant's claim is clearly not frivolous. Nevertheless, we are bound by *Lindberg* to reach this decision.

## DECISION

The district court's dismissal for failure to comply with the requirements of Minn. Stat. § 145.682, subd. 4, was not an abuse of discretion.

**Affirmed.**