Violet TOUSIGNANT, petitioner,
Appellant,

v.

ST. LOUIS COUNTY, MINNESOTA,
et al., Respondents.

No. C8-99-826.

Supreme Court of Minnesota.

July 27, 2000.

·David L. Weidt, Duluth, for appellant.·

Alan L. Mitchell, St. Louis County Atty., Amy H. Kuronen, Asst. County Atty., Duluth, for respondents.

Wilbur W. Fluegel, Minneapolis, for amicus curiae Minn. Trial Lawyers Assn.

## OPINION

PAUL H. ANDERSON, Justice.

Appellant Violet Tousignant brought an action against respondents Chris Jensen Nursing Home and its owner St. Louis County, alleging negligence by the Jensen Home's nursing staff. The St. Louis County District Court dismissed Tousignant's action for her failure to submit an affidavit of expert disclosure in compliance with Minn.Stat. § 145.682 (1998). The Minnesota Court of Appeals affirmed the dismissal. We reverse and remand to the district court.

The facts giving rise to this appeal are undisputed. Appellant Violet Tousignant was admitted to Chris Jensen Nursing Home (Jensen Home) at 11:30 a.m. on

February 6, 1995. The Jensen Home is owned and operated by St. Louis County and the two are hereinafter referred to as respondents. Tousignant was 86 years old and recovering from surgery for a fractured right hip and wrist when she was admitted to the Jensen Home.

The interagency referral form that accompanied Tousignant from the hospital as her admission orders to the Jensen Home authorized the use of a vest "prn" (as needed) due to her confusion and risk of re-injury. The referral form's "Patient Care Plan" stated that Tousignant was "alert, but pleasantly confused" and that she was to have a "vest restraint on at all times." While a registered nurse signed this referral form, Tousignant submitted evidence showing that the referral form was considered by the Jensen Home staff as admission orders from the physician. Tousignant also submitted evidence that the Jensen Home staff was aware that Tousignant would likely attempt to walk unassisted if left unrestrained and unattended. Tousignant's family members also stated that they informed the Jensen Home staff "at least five to six times" that Tousignant needed to be restrained because of her confusion, even if she appeared "ok."

Tousignant was left unattended in her room after admission, unrestrained, and in a wheelchair. Approximately three hours after her admission, Tousignant was found on the floor of her room. She had fallen and sustained another fracture to her right hip.

Tousignant brought a medical malpractice action in St. Louis County District Court naming respondents as defendants. Respondents initially moved for summary judgment based on official immunity, the denial of which they appealed. *See Tousignant v. St. Louis County*, No. C0–98–907, 1998 WL 846581 *1 (Minn.App.1998). The court of appeals affirmed the district court's denial of summary judgment for respondents. *See id.*

◼ On remand, respondents moved to dismiss, arguing that Tousignant had failed to meet the expert disclosure requirements of Minn.Stat. § 145.682. Tousignant responded with a motion for the district court to determine whether expert testimony was required to establish a prima facie case of negligence.[1] Respondents argued that dismissal was mandated by the fact that Tousignant had not filed the expert affidavit required by Minn.Stat. § 145.682, subd. 4, and that Tousignant's claim required expert testimony. Tousignant responded that because the issues in her case were neither complicated nor beyond the understanding of lay persons, expert testimony was not required to establish a prima facie case of medical malpractice.

The district court ruled that because medical judgment was required by the Jensen Home staff concerning the treatment and care of Tousignant, expert testimony was required to establish a prima facie case. The court also concluded that the statute had required interpretation by the court on this issue and that there had been a lengthy delay due to the earlier appeal. Accordingly, the court found that Tousignant's delay in filing the required expert affidavit was excusable and granted Tousignant a 30–day extension to file the requisite expert affidavit.

On February 10, 1999, Tousignant provided respondents with an affidavit that

---

1. Tousignant has maintained that this action is a negligence action as distinguished from a medical malpractice action. However, as set out in Minn.Stat. § 145.682, subd. 2, the statute's requirements apply to any action against a health care provider "alleging malpractice, error, mistake, a failure to cure, whether based in contract or tort * * *." Despite Tousignant's arguments to the contrary, her claim is one against health care providers for failing to exercise that standard of care required of them in care and treatment. By the common law definition of medical malpractice and under our state's statutory scheme for such actions, this is a medical malpractice action. *See generally Plutshack v. University of Minn. Hosps.*, 316 N.W.2d 1, 5 (Minn. 1982); Minn.Stat. § 145.682, subd. 2.

purported to be the expert disclosures required by Minn.Stat. § 145.682. Tousignant's affidavit was not signed by any of her identified experts and it contained only brief conclusory summaries of the proposed expert testimony. Respondents renewed their motion to dismiss and the district court granted the motion, dismissing Tousignant's action with prejudice. When it dismissed Tousignant's action, the district court found that her affidavit did not comply in form or substance with the requirements of Minn.Stat. § 145.682 "although she has had substantial and sufficient opportunity to do so * * *." Specifically, the court found the affidavit insufficient because it was not signed by the experts and because the affidavit did not set forth the standard of care and a factual delineation of how the Jensen Home failed to comport to that standard. The court also found that Tousignant failed to provide the required expert discovery responses under Minn. R. Civ. P. 26.02(d)(1) which would have satisfied the requirements of section 145.682, subd. 4, if they were signed by the experts. *See id.* The court stated that it was "left with the firm conviction [that Tousignant] simply has failed to carry the obligations imposed upon her by the statute as interpreted by case law." The court then concluded that dismissal with prejudice was "mandated by the statute."

Tousignant appealed, arguing that the district court erred in dismissing her claim or in the alternative by not granting her a further extension so that she could bring her affidavit into compliance with the statute. The court of appeals affirmed the district court, holding that the affidavit was clearly deficient on the grounds the district court articulated. *See Tousignant v. St. Louis County,* 602 N.W.2d 882 (Minn.App.1999). In its decision, the court of appeals rejected Tousignant's argument that the district court should have considered the affidavit in connection with the Vulnerable Adults Act report, prepared by an identified expert witness and submitted to the court on summary judgment. *See id.* at 886. To support its conclusion, the court of appeals cited *Lindberg v. Health Partners, Inc.*, 599 N.W.2d 572, 578 (Minn. 1999), and its prohibition on the use of nonaffidavit materials to supplement the required affidavit. *See Tousignant,* 602 N.W.2d at 886.

Finally, the court of appeals rejected Tousignant's claim that the district court erred in not granting a second extension, noting that no further extension was requested in the district court and that there was no discernable "reasonable excuse" on which to base such an extension. *See id.* at 886–87. The court of appeals observed that Tousignant had over two years to obtain a sufficient affidavit and had already been granted one extension by the district court. *See id.* at 887. Although the court referred to its decision as "unquestionably harsh," observing that Tousignant's claims were not frivolous and that her failures caused "no identifiable prejudice to Jensen and St. Louis County," it nonetheless affirmed the district court's dismissal with prejudice. *See id.*

Tousignant petitioned this court for review, arguing only that the court of appeals erred in holding that Minn.Stat. § 145.682 as interpreted by this court mandates dismissal and that such an interpretation of section 145.682 deprived her of a legitimate lawsuit. In her brief, however, Tousignant also argues that the district court erred in requiring an affidavit. In their brief, respondents object to this argument, asserting that it is beyond the scope of the petition for review and was not presented to the court of appeals.

[redacted] Tousignant presents two questions on appeal: first, whether the district court erred in concluding that an expert affidavit was required to establish a prima facie case [2]; and second, whether she sub-

2. Tousignant's argument that the district court erred in requiring an affidavit to establish a prima facie case of medical malpractice was neither presented to the court of appeals

stantially complied with the requirements of Minn.Stat. § 145.682.

■ We have stated that we will not reverse a dismissal for failure to comply with the requirements of section 145.682 absent a showing that the district court abused its discretion. *See Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). However, interpretation of the requirements of section 145.682 requires statutory interpretation, a question of law, which this court reviews de novo. *See Stroud v. Hennepin County Med. Ctr.*, 556 N.W.2d 552, 555 (Minn.1996). As we observed in *Sorenson*, section 145.682, subd. 2, specifically limits its application to those medical malpractice actions "as to which expert testimony is necessary to establish a prima facie case." 457 N.W.2d at 191. Thus, the threshold question in this matter is whether Tousignant's claim required expert testimony to establish a prima facie case. Because there are no issues of fact to be resolved, we review this issue as a question of law. Our analysis therefore necessarily turns to case law that determines when such expert testimony is required to establish a prima facie case.

■ We have stated that expert testimony is generally required to establish the standard of care and the departure from that standard for the conduct of physicians. *See id.* "The purpose of expert testimony is to interpret the facts and connect the facts to conduct which constitutes [medical] malpractice and causation." *Id.* at 192. This is based on the assumption that most medical malpractice cases involve complex issues of science or technology, requiring expert testimony to assist the jury in determining liability.

■ We have stated an exception to the expert affidavit requirement—that when "the acts or omissions complained of are within the general knowledge and experience of lay persons, expert testimony is not necessary to establish a standard of care, even in cases of alleged medical malpractice." *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 279 (Minn.1985); *see also Miller v. Raaen*, 273 Minn. 109, 114, 139 N.W.2d 877, 880 (1966) (stating that in medical malpractice cases, "recovery without expert testimony may be permitted"). Moreover, in the specific context of the applicability of section 145.682, we observed that:

There are, however, exceptional cases in which expert testimony is not necessary. In these rare cases, if plaintiff raises the issue, the trial court should make a finding that expert testimony is not necessary and, therefore, the statute is inapplicable.

*Sorenson*, 457 N.W.2d at 191.

Tousignant claims that her case is simply about the Jensen Home staff's failure to follow the physician's order to restrain her. At the district court, she argued that her action did not require expert testimony to establish a prima facie case, but the court rejected her argument. The court found that the exercise of medical judgment by the Jensen Home staff was necessary to interpret the referral form, Tousignant's condition, and the appropriate actions regarding Tousignant's care. The court found that while there were issues that would be within the general knowledge of lay persons, the necessary "interface" of these issues with the medical issues and assessments in this case "required the [Jensen Home staff] to exercise medical training and judgment." The court therefore concluded that expert tes-

for consideration nor was it presented to this court in Tousignant's petition for review. We are reluctant to address issues when they have not been properly presented and ordinarily will reject them. However, Tousignant did litigate this issue in district court and we note that the initial order of the district court

denying her motion was not appealable. Because the resolution of this issue is dispositive in this case and because both parties have presented arguments on the issue, we will address it. *See, e.g., O'Brien v. Mercy Hosp. & Convalescent Nursing Care Section*, 382 N.W.2d 518, 520 (Minn.1986).

timony was necessary and appropriate. While the court did not make formal findings on this issue, it detailed the factual basis and reasoning for its decision in the memorandum attached to and incorporated into its order.

The record indicates that the Jensen Home staff may have exercised some degree of medical judgment regarding the weight and interpretation they were required to give to the referral form. Part of the record appears to support the district court's findings on this point. However, it appears that the court did not address the crucial legal question of whether Tousignant adduced sufficient evidence supporting a prima facie case that was within the general knowledge and experience of a lay person. Even if the Jensen Home staff exercised some medical judgment, that does not necessarily mean that Tousignant did not establish a prima facie case. The court also needed to find that any such medical judgments were of a nature not within the general knowledge and experience of lay persons. The court did not make such a finding and further it appears that the court based its decision, at least in part, on respondents' rebuttal evidence.

To establish a prima facie case, Tousignant needed to make an initial showing of all of the elements of a medical malpractice claim. We have stated that

a prima facie case simply means one that prevails in the absence of evidence invalidating it. Prima facie negligence means that evidence of negligence which, unexplained or uncontradicted and standing alone, appears to be sufficient to establish the fact. *In other words, it is evidence which suffices to establish the fact unless rebutted, or until overcome, by other evidence.*

*Trudeau v. Sina Contracting Co.,* 241 Minn. 79, 87, 62 N.W.2d 492, 498 (1954) (citation omitted) (emphasis added); *see also Black's Law Dictionary* 1209 (7th ed.1999) (defining "prima facie case").

In actions against a health care provider, malpractice is established by showing

1) the standard of care recognized by the medical community as applicable to the particular defendant's conduct;

2) that the defendant departed from that standard;

3) that the defendant's departure from that standard was a direct cause of the patient's injuries; and

4) damages.

*Reinhardt v. Colton,* 337 N.W.2d 88, 94 (Minn.1983) (quoting *Plutshack v. University of Minn. Hosps.,* 316 N.W.2d 1, 5 (Minn.1982)). As noted earlier, while these facts must generally be established by expert testimony, when within the common knowledge of a lay person, expert testimony is not necessary. *See Atwater Creamery,* 366 N.W.2d at 279.

Tousignant alleged that the Jensen Home staff received an "interagency referral form," which instructed the staff that she should have a "[v]est restraint on at all times." She also claimed that the Jensen Home staff treated these referral forms as transfer orders from physicians and that the authorization to use the vest restraint "prn" gave the staff permission to apply the restraint as directed: "at all times." Tousignant's family confirmed the need for restraints due to Tousignant's continued confusion, explaining to the Jensen Home staff that such restraints were necessary "even if she appeared ok." Tousignant does not claim that the Jensen Home staff failed to appropriately assess her condition and take appropriate action; rather, she claims that the standard of care for their acts was their compliance with the instructions on the referral form itself—that Tousignant was to wear the vest restraint "at all times." The evaluation of whether the Jensen Home staff complied with those instructions is not a question involving complex scientific or technological issues and is within the general knowledge and experience of lay persons. The breach of this standard of care

is clear and undisputed. The Jensen Home staff failed to apply the vest restraint and left Tousignant unattended in a wheelchair. Three hours later she was found on the floor, having refractured her right hip.

There also is no dispute that the fall was the direct and proximate cause of Tousignant's injury. That such a fall was the direct and proximate result of the Jensen Home staff's breach of the standard of care is also within the general knowledge and experience of a lay person. It is a matter of common knowledge and experience that an elderly person, confused and recovering from a fractured hip, who was likely to attempt to walk without assistance if left unattended, also likely would fall. That a fall by such a person would result in the injuries sustained by Tousignant is also reasonably foreseeable without any specialized knowledge. Finally, Tousignant's injuries were sufficiently alleged in the complaint.

Unfortunately, the district court's analysis never directly addresses the issues listed above. Rather, the court focused on whether the Jensen Home staff exercised medical judgment. That such medical judgment may have been necessary arises out of respondents' counter-arguments of why the Jensen Home staff may not have been required to follow the instructions on the referral form. Whatever merit this argument may have, it related to the respondents' *rebuttal* of Tousignant's case, not whether Tousignant established a prima facie case.

More specifically, the district court's analysis suggests that rather than considering Tousignant's case under a prima facie analysis, the court considered her case in light of respondents' rebuttal evidence. The court then appears to conclude that expert testimony would be necessary to resolve the evidentiary conflict over whether the Jensen Home staff exercised sound medical judgment. Such a finding is not clearly erroneous, but it is not appropriate at this stage of the proceeding. To establish a prima facie case, Tousignant does not need to show that she can prevail on these evidentiary issues at trial without expert testimony nor to have raised material issues of fact sufficient to withstand summary judgment. Rather, she must adduce facts which, if believed, establish the elements of a medical malpractice claim. If those facts are within the general knowledge and experience of lay persons, then expert testimony is not required and the requirements of section 145.682 are not implicated.

We conclude that there is a sufficient record to allow us to determine that Tousignant has established a prima facie case of medical malpractice without expert testimony. As noted above, Tousignant has adduced facts that are within the general knowledge and experience of lay persons. These same facts, if believed, would prove the elements necessary to establish medical malpractice. This conclusion does not mean that expert testimony may not at some point be necessary to refute evidence presented by respondents at trial; however, it was not necessary in this case to establish a prima facie case.

While we decide this matter on the first issue, concluding that Tousignant did not require expert testimony to establish a prima facie case and therefore section 145.682 is not applicable to her case, a brief comment on the second issue raised in Tousignant's appeal is appropriate.

 We agree with the conclusions of the lower courts that Tousignant's affidavit was deficient. It was not signed by any of the identified experts nor did it contain anything more than brief conclusory statements concerning the proposed testimony. Tousignant's argument that her affidavit should have been read in conjunction with the Vulnerable Adults Act report submitted on summary judgment is without merit. We have stated that nonaffidavit materials may not be used to supplement an otherwise deficient affidavit under section 145.682. *See Lindberg,* 599

N.W.2d at 578. It is clear from the record that had an affidavit been required to establish a prima facie case for Tousignant's action, then the affidavit submitted was deficient and section 145.682 would have mandated dismissal. *See generally Lindberg,* 599 N.W.2d at 578.

■ Finally, as we stated in *Sorenson,* it is an exceptional medical malpractice case that does not require expert testimony to establish a prima facie case. 457 N.W.2d at 191. However, Tousignant's claim presents such an exceptional case. The standard of care applicable to the Jensen Home staff's acts or omissions, the breach of that standard of care, and the chain of causation are all within the general knowledge and experience of lay persons. Accordingly, we hold that the district court erred in concluding that Tousignant required expert testimony to establish a prima facie case of medical malpractice. Therefore, Minn.Stat. § 145.682 does not apply and dismissal under its provisions is not warranted. We reverse the decision of the court of appeals and remand this matter to the district court for further proceedings consistent with this opinion.

Reversed and remanded.